# Commonwealth *v.* Cicere, Appellant.

*Criminal law—Murder—Remarks of counsel—District attorney —Private counsel as special assistant district attorney.*

1. A conviction of murder of first degree will not be set aside because the court refused to withdraw a juror, when private counsel, as special assistant district attorney, referred to defendant as a "slimy creature," where it appears that there was some uncertainty as to the exact words used, that defendant's counsel used similar intemperate language, that the court warned the jury to disregard the remark of the district attorney, and not be prejudiced by it, and that the trial judge on due consideration of all the circumstances was of opinion that defendant was not prejudiced.

2. The district attorney should at all times conduct the Commonwealth's case fairly, present it in an impartial manner, and avoid seeking to influence the jury by arousing their prejudices; and private counsel acting for the district attorney should be governed by the same rules of conduct.

3. Special private counsel should not be permitted to actively participate in conducting a prosecution except in extreme cases.

4. If he is so appointed, it is the duty of the court and the district attorney to see that he observes the rules of conduct required of the regular prosecuting officer.

*Criminal law—Murder—Cross-examination of defendant—Question as to commission of another crime—Act March 15, 1911, P. L. 20.*

5. A conviction of murder will not be set aside because the district attorney asked defendant on cross-examination whether he had been arrested for bootlegging, where the testimony preceding the question showed it to have been the result of a natural development of the facts, rather than an attempt to introduce evidence of the commission by defendant of another offense forbidden by Act of March 15, 1911, P. L. 20.

*Criminal law—Murder—Evidence—Dying declarations —Impending death.*

6. Dying declarations of a victim of a shooting are admissible when made in a hospital during the two days intervening between the shooting and the death, where other statements of the deceased indicate that such declarations were made under the belief of impending death.

1925.]                 Syllabus—Arguments.

*Criminal law—Murder—Evidence—Two trials—Testing of witness in first trial—Contradiction of witnesses.*

7. It is not error to refuse to admit the testimony of witnesses given in a former murder trial of same defendant, in order to contradict their testimony given in the second trial, where the witnesses testified to substantially the same matters at both trials and there was nothing actually contradictory in their evidence.

Argued January 12, 1925. Appeal, No. 15, March T., 1925, by defendant, from judgment of O. & T. Westmoreland Co., May T., 1923, No. 166, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Angelo Cicere. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before DOM, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, on which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*James L. Colbert*, with him *Adam B. Shaffer*, for appellant.—The remarks of counsel were such as to justify a withdrawal of a juror: Com. v. Nicely, 130 Pa. 261; Com. v. Bubnis, 197 Pa. 542; Com. v. Mazarella, 279 Pa. 465; Com. v. Ronello, 251 Pa. 329; Lopresti v. Sulkin, 49 Pa. Superior Ct. 417.

The court erred in admitting dying declarations: Com. v. Stallone, 281 Pa. 41; Com. v. Puntario, 271 Pa. 501.

The court erred in refusing the offers of testimony of witnesses at a former trial for the purpose of contradiction: Platz v. McKean Twp., 178 Pa. 601; Henderson v. Jones, 10 S. & R. 322.

*Nevin A. Court*, District Attorney, with him *J. Edgar Murdock*, Assistant District Attorney, and *P. K. Shaner*,

Special Assistant District Attorney, for appellee, cited, as to remarks of counsel: Com. v. Hanlon, 8 Phila. 423; Com. v. Nicely, 130 Pa. 268; Com. v. Bubnis, 197 Pa. 542; Com. v. Ezell, 212 Pa. 293; Com. v. Windish, 176 Pa. 167; Com. v. Weber, 167 Pa. 153; Com. v. Striepeke, 32 Pa. Superior Ct. 83; Com. v. Exler, 61 Pa. Superior Ct. 423.

OPINION BY MR. JUSTICE FRAZER, March 16, 1925:

Defendant was convicted of first degree murder. A new trial was granted resulting in a second conviction of the same degree, from which the present appeal is taken. We find ample testimony to sustain the verdict of the jury, and need only discuss assignments relating to the manner of conducting the proceedings and admission of evidence.

The trial was conducted on behalf of the Commonwealth by private counsel appointed as special assistant to the district attorney. During the course of his argument to the jury a number of alleged improper remarks were made, among them being reference to defendant as a "slimy creature." Exception was taken to the remark and motion made to withdraw a juror. The record fails to show the full context of the comment; the trial judge, however, permitted both parties to file affidavits setting forth their respective versions of the language used, and according to the affidavit of the district attorney the words spoken were as follows: "If you believe the testimony of the witnesses in this case and all the circumstances connected therewith, a bullet in the hand of that slimy creature caused the death of Earl Shoup." The trial judge directed counsel to be more temperate in his remarks and at the beginning of the charge stated to the jury, it frequently happens during the course of a trial that counsel use language that had better be left unsaid, and that "if anything has been said by counsel on either side that had better not have been said we ask you to disregard it to the end that this defendant may

not be prejudiced and that he may have a fair and impartial trial on the testimony and the law." In the opinion of the trial judge, on the motion for a new trial, it is said that all reasons assigned in support of the motion were examined with scrupulous care and according to his best recollection the affidavits submitted by counsel were not entirely accurate, but although the arguments were prompted by considerable zeal, the court felt that what was said by the Commonwealth's counsel was invited by similar intemperate language of defendant's attorney who "went far afield in his argument" and used words the trial judge "had never before heard in a court" and for this reason he did not interfere when counsel for the Commonwealth replied in somewhat similar language. The court also stated that while he could not give his approval to a number of expressions used, characterizing them as of "doubtful professional propriety," he was satisfied, after due consideration of the testimony and all the circumstances incident to the trial, that defendant was not prejudiced by the closing argument of the special counsel for the Commonwealth.

Upon full consideration of the foregoing statement by the trial judge, and in view of the uncertainty as to the exact language used by the special district attorney, we have determined, in disposing of this assignment, to accept the conclusion reached by the court below. We take this occasion, however, to repeat what has frequently been said by this court, that the district attorney is a quasi-judicial officer, representing the Commonwealth, which seeks no victims, but only justice; that, since he is invested with these grave responsibilities, he should, at all times, conduct the Commonwealth's case fairly, present it in an impartial manner and avoid seeking to influence the jury by arousing their prejudices: Com. v. Nicely, 130 Pa. 261; Com. v. Bubnis, 197 Pa. 542; Com. v. Mazarella, 279 Pa. 465. Where private counsel is permitted to assist the district attorney, in the trial of a case, such counsel represents that officer and should be

governed by the rules of conduct applicable to the latter. It is the duty of the district attorney to prosecute crimes against the Commonwealth and special counsel should not be permitted to actively participate in conducting such trials except in extreme cases; when permission is granted, it is the duty of both the district attorney and the court to see that counsel so appointed observes the rules of conduct required of the regular prosecuting officer.

Defendant also complains of the refusal of the trial judge to withdraw a juror because the district attorney, on cross-examination of defendant, who had taken the witness stand on his own behalf, asked whether he had been arrested for bootlegging. While ordinarily this question would be determined improper under the Act of March 15,.1911, P. L. 20, the testimony preceding the question shows it to be the result of a natural development of the facts rather than an attempt to introduce evidence of the commission by defendant of another offense. Defendant testified in his direct examination that, following the shooting, he remained in the near-by woods until early the next morning, going from there to Cokeville where he procured an automobile and proceeded to the home of a niece in Uniontown. On cross-examination, being questioned as to his whereabouts from the time of the shooting to the time of his arrest, he repeated his earlier testimony that he had gone to Uniontown, stating, however, that he was in Connellsville, at the railroad station when arrested. He was then again asked to state the place of his arrest for the killing of Earl Shoup, to which he answered he was arrested for that offense, but, on further questioning, admitted he was confined in the jail in Uniontown under an assumed name at the time the warrant in this case was served. When asked the reason for being in the Uniontown jail, he answered that he and a companion "were arrested on the Connellsville station with whiskey." The district attorney then asked, "Arrested for bootleg-

ging?" to which defendant replied "No, sir." In explanation of the arrest, defendant said a companion about to take a train from the Connellsville station requested defendant to carry his suitcase and while doing so a state police officer arrested both, and found the suitcase contained whiskey. The admission by defendant, in reply to questions proper for cross-examination, paved the way for interrogation as to whether he and his friend had been arrested for bootlegging. The question implied nothing more than defendant had admitted, the term "bootlegging" being merely a popular designation for the use, possession or transportation of liquor in violation of the law.

Several assignments of error are set forth alleging the trial judge erred in admitting declarations of decedent, relating to the shooting, as dying declarations, on the ground that the testimony failed to sufficiently establish deceased believed death was impending. The shooting occurred on the night of July 4th, and Shoup died in the hospital on the morning of July 7th. On the 5th of July, to one witness, in answer to the question whether he thought he would "get all right," he said, "no it is all up with me." To another he "did not think he was going to get well" and to his wife he repeatedly stated, up to a short time before he died, that he could not live, "that he was in God's hands and going to die." The trial judge instructed the jury that, in his opinion, the declaration to the witnesses during the intervening two days were made under the belief of impending death, leaving to them, however, to say whether they were of the same opinion and properly charging as to the effect of such declarations. Under the circumstances, the case was clearly within the rule requiring declarations of this character to be made under the influence of a belief that death was imminent: Kehoe v. Com., 85 Pa. 127; Com. v. Latampa, 226 Pa. 23; Com. v. De Leo, 242 Pa. 510.

Complaint is made of the refusal of the trial judge to admit testimony of witnesses given on the former trial

of the case, to contradict them in this trial. The reason given for excluding the evidence was that the witnesses testified to substantially the same matters at both trials, and that there was nothing actually contradictory in their testimony. A comparison of the evidence of these witnesses in the present proceeding, with that given by them at the previous trial as included in the offer made by counsel for defendant shows no error in the ruling of the court. Although there is, of course, slight differences in the language used, there is no such inconsistency as tends to indicate that either witness in the present trial materially changed his testimony from that of the former trial and in absence of such contradiction the evidence was not competent for the purpose offered.

We find no error in the remaining assignments, consequently they need not be considered at length.

The assignments of error are overruled, the judgment of the court below is affirmed and the record remitted for the purpose of execution.