## Mittleman *v.* Bartikowsky et al., Appellants.

*Practice, C. P.—Trial—Improper remarks of counsel—With-drawal of juror — Trial judges' duty — Discretion — Abuse — Re-versible error—Appeal—Review—Atmosphere of trial.*

1. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice, stands on but little higher ground than one obtained by false testimony.

2. It is one of the duties of trial judges to keep the arguments and remarks of counsel within proper bounds.

3. When language is employed by counsel for the manifest purpose of prejudicing the jury and bringing considerations into the case not warranted by the testimony, it is reversible error for the trial judge not to grant a motion properly made to have a juror withdrawn and the case continued.

4. Where counsel has been guilty of making improper remarks to the jury, it will not always avail him to say that he was justified because of the "atmosphere of the trial," or because of the manner in which his opponent conducted his case.

Argued April 15, 1925. Appeal, No. 283, Jan. T., 1925, by defendants, from judgment of C. P. Luzerne Co., March T., 1922, No. 88, on verdict for plaintiff, in case of Ignatz Mittleman v. Ed. M. Bartikowsky et al., trading as Ed. M. Bartikowsky Co., Ltd. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit to recover alleged loan. Before WOOD-WARD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,891.45. Defendants appealed.

*Errors assigned* were, inter alia, (1 and 2) refusal to withdraw a juror, quoting bill of exceptions.

*Frank P. Slattery*, with him *Rush Trescott*, for appellant.—Where the improper remarks tend to prejudice

the jury in any way, it is the duty of the lower court to withdraw a juror and continue the case: Holden v. R. R., 169 Pa. 1; Saxton v. Ry., 219 Pa. 492; Hollis v. U. S. Glass Co., 220 Pa. 49; Wagner v. Twp., 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226; Fisher v. Pa. Co., 34 Pa. Superior Ct. 500; Dannals v. Twp., 255 Pa. 156.

*W. A. Valentine,* with him *C. B. Lenahan* and *B. W. Davis,* for appellee.—The trial judge promptly cautioned the jury to disregard the remarks of counsel. The question of the withdrawal of a juror depends largely upon the atmosphere of the trial and is a matter for the discretion of the presiding judge: Stephens v. Sulkin, 280 Pa. 211; Rock v. Cauffiel, 271 Pa. 560; Wilhelm v. Uttenweiler, 271 Pa. 451; Cook v. Motor Co., 225 Pa. 91; Miller v. Rapid Transit Co., 231 Pa. 627; Com. v. Oefinger, 282 Pa. 60; Com. v. Rothensies, 64 Pa. Superior Ct. 395; Com. v. Sarves, 17 Pa. Superior Ct. 407.

OPINION BY MR. JUSTICE SCHAFFER, May 18, 1925:

It is to be regretted that all members of the Bar do not always keep in mind what was said by this court years ago, that "A cause is not well tried unless fairly tried and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony": Saxton v. Pittsburgh Rys. Co., 219 Pa. 492, 495. The winning of a verdict should be a hollow reward to the advocate who has brought it to pass by appeals to a jury's prejudices and not by the strength of the case presented. Such verdicts are, moreover, worthless, for the courts will not let them stand. It is one of the duties of trial judges to keep the argument and remarks of counsel within proper bounds; occasionally we are called upon to determine whether fields beyond those bounds have been traversed. Such is this case and without hesitation we say counsel exceeded the limits of excusable ardor before the jury.

The action was to recover $4,000 said by plaintiff to have been a loan and by defendant, whose son had married plaintiff's daughter, to have been a gift to the young couple, the check having been drawn by plaintiff to the order of his son-in-law.   One of defendant's attorneys had been present at the meetings of plaintiff and defendant leading up to the payment and, during the course of the trial, although taking part in it, he went on the stand in defendant's behalf.   In his closing remarks to the jury, plaintiff's counsel said concerning defendant's attorney-witness that "to get a fee out of his client [he, defendant's attorney] took the stand to swear his case through."   In the course of the same part of the trial, plaintiff's counsel said further: "Bartikowsky's son married Mittleman's daughter.   She is a good looking, decent girl.   Was the son too good for her? Oh, Bartikowsky is one of the newer, slicker members of his race.   Poor Mittleman gave one thousand and they want to rob him of $4,000 more.   After doing the old man out of $4,000, they discarded his daughter."

This language is so manifestly improper and so glaringly out of place in an orderly trial of the issue created in this case that we cannot say the verdict represents the decision of an impartial jury.   It is true the trial court warned the jury against allowing the improper remarks to prejudice them and it is also true that the question as to whether or not a juror should be withdrawn is one resting largely in the discretion of the trial judge (Wilhelm v. Uttenweiler, 271 Pa. 451; Rock v. Cauffiel, 271 Pa. 560), yet, where remarks such as those made in the present case are uttered we think error is committed by not granting a motion properly made to have a juror withdrawn and the case continued.   When language is employed by counsel, not through an honest mistake (Stephens v. Sulkin, 280 Pa. 211), but for the manifest purpose of prejudicing the jury and bringing considerations into the case not warranted by the testimony, so far as this court is concerned a verdict gained

by the party whose counsel used the remark will not be sustained. Very recently we had occasion to set aside a verdict for the same reason, Schroth v. Phila. Rapid Transit Co., 280 Pa. 36; we do the same thing here and will continue so to do when necessary with the hope that our action will result in the trial of cases by all members of the profession in a fair, dignified and gentlemanly way. It should, furthermore, be kept in mind that, once having made improper remarks, it will not always avail the offending counsel to say that he was justified because of the "atmosphere of the trial" or because of the manner in which his opponent conducted his case.

The first and second assignments of error are sustained and a new venire awarded.