# Rutalonis *v.* Rospieski et ux., Appellants.

*Appeals—Improper remarks of counsel—Refusal to withdraw a juror.*

A trial judge cannot be convicted of error in refusing to withdraw a juror and continue a case, because of alleged improper remarks of counsel, where the Supreme Court thinks, after reading the testimony, that the remarks complained of constitute no unwarranted or improper argument.

Argued April 13, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 185, Jan. T., 1927, by defendants, from judgment of C. P. Luzerne Co., March T., 1925, No. 656, on verdict for plaintiff, in case of Agata Rutalonis v. Frances Rutalonis Rospieski et al.   Affirmed.

Ejectment for land in Newport Township.   Before McLEAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned,* inter alia, was refusal to withdraw a juror, quoting record.

*A. Peter Kanjorski,* for appellants.

*Rush Trescott,* for appellee, was not heard.

PER CURIAM, May 9, 1927:

In this action of ejectment, plaintiff claimed title under a deed from defendants; the latter asserted the paper in question was a forgery. The narrow issue was: Did defendants execute a deed to plaintiff for the property in dispute?

Plaintiff produced one who claimed to be a subscribing witness to the deed, before whom it purported to have been acknowledged. The witness testified that he had prepared the instrument at the request of defendants, that he knew them both personally, and that they signed and acknowledged it before him as a notary public. Defendants denied this testimony.

In arguing to the jury the issues thus raised, plaintiff's counsel said: "Gentlemen of the jury: If you find the defendant in this case did not sign that deed, then you must decide that Joseph P. Lord [plaintiff's witness] is a forger." To this remark, defendant's counsel objected and requested the withdrawal of a juror, which was refused. The jurors were subsequently instructed that, if they found defendant had not signed the deed, it did not necessarily follow they must conclude Lord was a forger, for there was still the possibility that he might have been mistaken in the identity of the woman who executed and acknowledged the instrument in his presence.

The refusal to withdraw a juror because of the remarks of counsel is the only matter assigned for error.

After reading the testimony, we cannot say that the remarks complained of constitute unwarranted or improper argument; therefore, we are not convinced of error.

The judgment is affirmed.