## Gibbons *v.* Pennsylvania Railroad, Appellant.

*Practice, C. P. — Trial — Improper remarks of counsel — Withdrawal of juror—Negligence.*

1. On the trial of a negligence case against a railroad company, a juror should be withdrawn and the case continued where counsel for plaintiff in addressing the jury points out the plaintiff and asks the jury if he looks like a crook, a liar, or a man who was trying to rob some railroad.

2. In such case where counsel does not withdraw the remarks, and the trial judge fails to caution the jury at the time, or later in its charge, against permitting the remarks to have any influence or in any way prejudice it in reaching a verdict, the case should be retried.

3. It will not avail offending counsel, who has made such remarks, to say that he was justified because of the "atmosphere of the trial," or because of the manner in which his opponent conducted his case.

Argued September 27, 1927.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 108, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., April T., 1925, No. 1788, on verdict for plaintiff, in case of James Gibbons v. Pennsylvania Railroad Co.   Reversed.

Trespass for personal injuries.    Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $24,000.   Defendant appealed.

*Error assigned,* inter alia, was (2) refusal to withdraw juror and continue case, quoting record.

*William B. McFall, Jr.,* with him *Dalzell, Fisher & Dalzell,* for appellant.—A juror should have been withdrawn: Schroth v. Transit Co., 280 Pa. 36.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee, cited, as to remarks of counsel: Kelly v. Rys., 270 Pa. 77.

OPINION BY MR. JUSTICE SADLER, November 28, 1927:

The plaintiff, claiming defendant had been negligent in the operation of its railroad, and that, as a result, he had suffered injury, brought this action in trespass to recover damages for the loss sustained. A jury rendered a verdict in his favor, and a motion for a new trial was refused. From the judgment entered the present appeal was taken. It is urged the verdict is excessive, and against the weight of the evidence, and that error was committed in the court's instructions as to the matters to be considered by the jury in determining the monetary loss due to the decrease in plaintiff's earning power.

In view of the conclusion now reached by us, the matters above referred to need not be considered, for we are of opinion that a new trial should be awarded because of the complaint which finds expression in the second assignment. The error therein set forth is based on the alleged improper remarks of counsel for the plaintiff in his closing address to the jury. A prompt objection to the offensive statements, entered by defendant, with the request that a juror be withdrawn, was overruled, and an exception granted. No retraction of the language employed, or explanation of its meaning, was made by counsel, nor did the court caution the jury to disregard it at the time or later in its charge. This failure was asserted as ground for a new trial, but the court does not refer to the matter in the opinion filed dismissing the motion.

It is admitted that counsel for plaintiff stated in argument as follows: "Just look at that man. Does he look like a crook? Does he look like a liar, and does he look like he was a man who was trying to rob some railroad?" This comment was manifestly improper. The

question for the jury to determine was not whether Gibbons was a crook, a perjurer or a robber, but whether the facts as testified to showed negligence on part of the railroad, free from proof of contributory negligence of plaintiff. The natural tendency of such language was to put in the minds of the jurors the impression that, if they did not decide in favor of the claimant, their determination would in effect be a declaration that he was of the criminal class suggested.

The evident purpose was to prejudice the triers of fact, and it deserved the immediate condemnation of the trial judge. As was recently said by this court, "Counsel does and should have a wide latitude in urging a client's claim, and should not be held to the strict rules of propriety which are applied in considering a written pleading; but he ought to be swift, when his attention is called to the matter, to withdraw any objectionable remarks made by him in the heat of the argument; and the trial judge should be at least equally swift in instructing the jury to disregard them": Kelly v. Scranton Ry. Co., 270 Pa. 77, 79. When expressions used are calculated to bring before the jury considerations other than those properly to be submitted to them, it cannot be said that the case was fairly submitted: Mittleman v. Bartikowsky, 283 Pa. 485. "If courts are to continue to be places where justice is judicially administered, causes must be fairly presented and fairly defended, and the duty of counsel in this regard is no less important nor less imperative than that of the judge. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements, or unfair argument, or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony. It is not founded on the truth of the cause": Schroth v. P. R. T. Co., 280 Pa. 36, 39; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492, 495.

It has frequently been declared that the withdrawal of a juror, under circumstances such as now presented,

is a matter largely within the discretion of the court be-
low, and there is no intention to depart from this well
recognized rule.   An examination of the decisions sus-
taining the refusal to declare a mistrial will show either
the remark was harmless, or, if the contrary was true, a
prompt withdrawal by counsel of the offensive state-
ment, followed by proper caution from the trial judge
that the jury should not consider or be affected thereby;
as illustrated by the recent case of Rutalonis v. Rospie-
ski, 289 Pa. 456.   If objectionable matter has been per-
mitted to come before the triers, it is not only the duty
of counsel, when his attention is called to the mistake,
to recall the words used, but also of the court to instruct
that they be disregarded.   Even the characterization of
the remarks as highly improper, with a direction to the
jury to dismiss them from their minds, will not suffice
to cure the error where the impropriety has been gross:
Dannals v. Sylvania Twp., 255 Pa. 156.

Whether a failure to sustain a timely objection is er-
ror must be determined largely by the circumstances
under which the statements were made, and by the pre-
caution taken by the court and the counsel to prevent
their having a prejudicial effect: Wilhelm v. Utten-
weiler, 271 Pa. 451.   It is urged here that the words
complained of were called forth by counsel for the de-
fendant, who had argued that the plaintiff's story was
incredible, but the language employed went much fur-
ther than to assert the truthfulness of the witness, sug-
gesting, as it did, to the jury that, if they did not find he
was correct, they were branding him as a deliberate
wrongdoer.   A like excuse was given and discarded in
Schroth v. P. R. T. Co., supra.   What was said in Mit-
tleman v. Bartikowsky, supra, p. 488, may now be ap-
propriately repeated: "It should, furthermore, be kept
in mind that, once having made improper remarks, it
will not always avail the offending counsel to say that
he was justified because of the 'atmosphere of the trial,'

or because of the manner in which his opponent conducted his case."

The effect of the argument complained of was to give a wrong impression to the jury of the question to be decided, or at least this may have been the result.   As counsel made no attempt to withdraw his improper statement, when objection was made, and the trial judge failed to caution the jury at the time, or later in its charge, against permitting the same to have any influence or in any way prejudice it in reaching a verdict, the case should be retried.   The failure to thus admonish the jury, when attention was specifically drawn to the matter, might well have been considered an approval of the argument submitted.   The second assignment of error is sustained.

The judgment is reversed with a venire facias de novo.