# Derflinger *v.* Ward Baking Co., Appellant.

*Trial—Improper remarks of counsel—Refusal to withdraw juror —Failure to warn jury—New trial—Practice, C. P.—Appeals.*

1. Where, on the trial of a negligence case, counsel for plaintiff states to the jury "for a long period the Supreme Court of this State has not set aside a verdict on the ground that it was excessive," the trial judge commits reversible error if he refuses a request to withdraw a juror, or fails to warn the jury to pay no heed to the statement.

2. Such a remark is not only wrong in law, but is also incorrect in point of fact, inasmuch as the Supreme Court has not infrequently within recent years set aside verdicts as excessive.

Argued March 21, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 85, March T., 1928, by defendant, from judgment of C. P. Allegheny Co., July T., 1924, No. 1313, on verdict for plaintiff, in case of Pearl Derflinger v. Ward Baking Co. Reversed.

Trespass for personal injuries. Before MOORE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned,* inter alia, was refusal to withdraw a juror, quoting record.

*Jos. T. Stadtfeld,* with him *R. T. M. McCready,* for appellant.—The remarks of counsel were of such a serious nature that a juror should have been withdrawn and the case continued, though the jury was not even admonished as to them; and since this was not done they justify a reversal: Wagner v. Twp., 215 Pa. 219; Saxton v. Rys. Co., 219 Pa. 492; Becker v. Transit Co., 245 Pa. 462; Dannals v. Twp., 255 Pa. 156; Kelly v. Ry., 270 Pa. 77; Schroth v. Transit Co., 280 Pa. 36.

*Ralph P. Tannehill,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 9, 1928:

Plaintiff sued to recover damages for personal injuries arising out of an automobile accident; the jury rendered a verdict in her favor on which judgment was entered, and defendant has appealed.

In the course of the trial, plaintiff's counsel, addressing the jury, said that "for a long period the Supreme Court of this State has not set aside a verdict on the ground that it was excessive." Counsel for defendant immediately asked for the withdrawal of a juror and the continuance of the case. This request was refused, the judge saying, "The law in the case will be given to the jury by the court, and you [the jury] will follow the court's instructions as to the law." The trial judge, however, gave no instructions to the jurors concerning the above quoted improper remarks, nor did he, either then or afterward, warn them to ignore counsel's suggestion that they might with entire safety give an excessive verdict to the injured plaintiff. Such an intimation was an inexcusable breach of professional conduct, plainly calculated to mislead the jury to the prejudice of defendant; it should have met with a prompt rebuke from the court, and the withdrawal of a juror, or, at least, with a strong warning to the jury that they must pay no heed to such remarks; but neither of these courses was pursued. Moreover, the remarks objected to are not only wrong in law, but the statement that the Supreme Court had not "for a long period" set aside an excessive verdict is also incorrect in point of fact, for, within the last few years, this court, in Gail v. Phila., 273 Pa. 275, 281, and Goldman v. Mitchell-Fletcher Co., 285 Pa. 116, 119, 120, set aside verdicts in negligence cases solely on the ground of their excessiveness: see also Mitchell v. Randal, 288 Pa. 518, 522.

Of course, a court of appeal will as a rule hesitate to interfere with a judgment on the ground that it rests on an excessive verdict, for such matters are principally for the court below; but verdicts gained by means like those employed in this case, whether excessive or not, have little chance of being sustained on appeal, and this fact should be understood by that comparatively small portion of the bar who indulge in such reprehensible

tactics: Kelly v. Scranton Ry. Co., 270 Pa. 77, 79; Gibbons v. P. R. R., 291 Pa. 141, 144, 145.

Other assignments of error complain of the manner in which plaintiff's case was conducted at trial, and still others of its alleged lack of merit; none of these assignments need be passed upon, however, for the one already examined requires us to reverse the judgment and set aside the verdict, it having been gained by improper means.

The judgment is reversed and a new trial is granted.