## Commonwealth *v.* Banks, Appellant.

Argued January 11, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Hubert P. Earle,* with him *James Francis Lawler,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ARNOLD, March 22, 1954:

This is an appeal from judgment on a verdict of guilty of murder in the first degree and a penalty fixed at life imprisonment.

Briefly, the Commonwealth's evidence was as follows: Both the defendant and the deceased, Matthew Anderson, lived at 3945 Reno Street, Philadelphia, where, at about 5:30 P.M. on September 27, 1952, the dead body of Anderson was found lying in a pool of blood on the floor alongside a bed in the rear bedroom.

The bed was located approximately 7 feet from the doorway. There were no bloodstains on the landing or on the stairway leading to the room. At about 7:30 P.M. on the same day the defendant was apprehended and on his person was found a fully loaded revolver. On being interrogated by the officers the defendant made a voluntary statement in which he admitted shooting the deceased. He related that when he entered the premises the deceased came out of his room on the second floor and descended three steps; the defendant ascended three steps, leaving six steps between them; thereupon the deceased commenced swearing and displayed an ice pick which he held in his hand, and the defendant then pulled out a gun and shot him. The defendant identified the gun found on his person as the gun used in the killing.

The defendant took the stand and related a different version of the occurrence. He testified that as he reached the third step from the bottom, the deceased was standing on the third step from the top, cursing him; deceased then backed up to the landing as defendant continued ascending the steps, and said: "If you move another step I'll kill you"; and seeing the ice pick held by the deceased, he fell to the wall in fear and the gun went off, killing the deceased.

There was one reversible error committed by the trial judge. The defendant testified that he ascended the stairway and when he reached the top step the deceased sought to kill him with the ice pick which he held in his hand; that he, the defendant, fell toward the wall to prevent being stuck by the pick, drew his gun, and, he being scared, the gun went off, killing the deceased. The charge of the court on the law of self-defense was proper, as were the court's observations of doubt as to the applicability of the plea of self-defense. Although the court left it to the jury to

find a verdict of voluntary manslaughter, the court said there was no evidence to support that charge. Therefore for practical purposes the charge left to the jury the question of finding the defendant not guilty or finding him guilty of murder.

The court failed to instruct the jury that where self-defense is not properly made out, the jury may consider that the defendant acted under uncontrollable fear of death or serious bodily harm, *even though the fear was an unreasonable one,* and that the jury might return a verdict of voluntary manslaughter if the defendant so acted under such fear.[1] In *Commonwealth v. Colandro,* 231 Pa. 343, 80 A. 571, the trial court made the same error of eliminating the possibility of manslaughter by telling the jury that self-defense was the only issue, other than murder. The jurors are not bound to accept the version of the Commonwealth nor that of the defendant, but must consider all the testimony and make up their minds as to what was the true situation. This is true even though defense counsel agrees that manslaughter is not involved in the case.

In the *Colandro* case this Court stated at page 352: "While the evidence might not have been sufficient to satisfy the jury that the plea of self-defense had been sustained, it might have appealed to them as sufficient to negative or to throw such a doubt upon the element of malice as to reduce the crime to manslaughter. There-

---

[1] He had testified: "When I got to the top of the steps Matthew broke from his door to me, said '. . . if you move another step I'll kill you' . . . I seen the ice pick in his hand, and I fell to the wall; . . . I thought to pull the gun, to stop him from sticking me with the ice pick, and . . ., by being scared, the gun went off through accident and shot Matt . . . I pulled the gun, fired one time, through being nervous, scared, I didn't mean to— . . . I didn't intend to shoot him . . . It did, went off accidentally . . . I shot him, but I didn't mean to shoot him."

Judgment reversed with a venire.

fore, in addition to the instruction on the law of self-defense, the jury should have been told, if they found that at the time of the shooting the defendant was not actuated by malice, but that he acted under the influence of an uncontrollable mortal fear raised by the threats and conduct of Rocco, and if they thought that the immediate circumstances, though adequate to raise the fear, were not sufficient reasonably to justify a belief on the part of the defendant that he was in immediate danger of death or great bodily harm, the grade of the crime would not rise higher than manslaughter." In the instant case the court failed to so instruct and for this reason a new trial must be granted. On the court's observation that the shooting was accidental rather than intentional, see *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632.

The other questions raised will be very briefly considered. On direct examination it was brought out that the deceased had had trouble with his mistress. Appellant claims that he was not allowed to establish by cross-examination a prior violent act of the deceased. But the defendant neither showed nor offered to show that the prior violent act of the deceased had been made known to him before the killing. See *Commonwealth v. Straesser,* 153 Pa. 451, 26 A. 17.

We do not sustain the contention that the court did not charge the jury as to the essential elements of second degree murder. See *Commonwealth v. McLaughlin,* 293 Pa. 218, 142 A. 213; *Commonwealth v. Colandro,* 231 Pa. 343, 80 A. 571. Nor do we find that the court erred in its remarks to the jury concerning the availability to defendant of means of escape just before the shooting. This being an observation which the court told the jury was not binding on it, the court did not err in its charge as to self-defense: *Commonwealth v. Johnson,* 213 Pa. 432, 62 A. 1064.