Commonwealth *v.* Toney, Appellant.

Argued April 23, 1970.   Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Nelson J. Romisher* and *Jules Mazis,* for appellant.

*Joel S. Moldovsky,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1970:

This is an appeal from the judgment of sentence imposed upon Gordon Toney following his conviction of murder in the second degree after a trial by jury.

The sufficiency of the evidence to sustain the conviction is not questioned, but we have examined the record and it readily discloses more than ample evidence to sustain the jury's verdict. From the trial testimony of a disinterested eyewitness, the jury could find that Toney shot Lionel Chandler, who was unarmed, on a public street in Philadelphia without provocation or an iota of necessity. Three bullets entered Chandler's body; one in the front upper chest, another in the right thigh and the third in the left knee. The bullet entering Chandler's body through the chest pierced a lung and his heart, resulting in almost instantaneous death.

In contradiction to the testimony of the Commonwealth's witnesses, which, we repeat, included that of a totally disinterested eyewitness, Toney testified that he shot Chandler after the latter had threatened to "punch your [Toney's] time clock" and "lunged towards me with his hand in his pocket."

It is first contended that the trial judge committed error in failing to adequately instruct the jury on the law of self-defense. Assuming that such an instruction was required under the evidence, it is patently clear that the charge, when read in its entirety, was more than adequate in this respect. Appellant's counsel submitted several points for charge which the trial judge approved and read word for word to the jury.

These points were as follows:

"Number twelve: All homicides are not necessarily punishable as murder or manslaughter. There are circumstances under which the killing of a human being may be excused. One such circumstance is where the killing takes place under a reasonable apprehension that one's life is in danger and that the killing is necessary to prevent death or great bodily harm. That is the defense offered by the defendant in this case. His contention is that he wanted to talk to the decedent, that he knew that the decedent had a reputation for being a violent person, that he further believed that the decedent would be surrounded by his friends of similar reputation. The defendant further states that he was carrying this gun for self-protection. In viewing that statement, it would be proper for you to consider the character and nature of a neighborhood in which the defendant lived.

"I so charge you.

"Number thirteen: It is a broad general principle that if the defendant, at the time of the occurrence, which is now being examined, was in actual peril of his life or of great bodily harm, or if the conditions there present created a reasonable belief founded on facts as they then appeared, that he was in such danger, and if there was no other means of escape, the killing would be excusable as having been done in self-defense.

"I so charge you.

"Number fourteen: If the conditions as they existed were both adequate to raise and sufficient to justify a belief in the necessity of killing Lionel Chandler, in order to save his own life, and if the defendant actually holds that belief and acted on it, the homicide would be excusable; provided, also, that the defendant had no other possible or at least probable means of es-

caping from the deceased. In considering whether or not the defendant had a probable means of escape, you must consider the defendant's testimony that he thought that the weapon carried by the decedent probably was a gun. The assailed person is justified in neutralizing the weapon by taking the life of the assailant if the defendant actually believed the missile that could be projected by the decedent could reach him even though fleeing.

"I so charge you.

"Number fifteen: Now, if the defendant killed this man and if he had an apprehension of death or great bodily harm, which was not reasonable, the defendant would be guilty of voluntary manslaughter. The presence or absence of an apprehension of physical injury of the type mentioned, is an important factor. The dividing line between self-defense and voluntary manslaughter brought about through the influence of a passion of fear, is the existence as a moving force of a reasonably founded belief of circumstances indicating imminent peril of life or great physical injury, as distinguished from the influence of an uncontrollable fear or terror, conceivable as existing, but not necessarily justified by the immediate circumstances. If the conditions surrounding the slaying were of sufficient quality to both raise and justify the defendant's belief in the necessity for killing a man in self-defense and if he actually had that thought and acted on it, he would be excused. On the other hand, if he had an uncontrollable fear of great physical injury or death, caused by the surrounding circumstances, but without the presence of all of the ingredients necessary to constitute self-defense, the killing was manslaughter.

"I so charge you.

"Number sixteen: If you find that the defendant acted out of an uncontrollable fear of great physical

injury or death, even though the fear was an unreasonable one, you should return a verdict of voluntary manslaughter, if you believe that he had such a fear and acted on it.

"I so charge you."

Clearly, the appellant can have no meritorious complaint concerning the content of this charge on self-defense. Cf. *Commonwealth v. Johnston*, 438 Pa. 485, 263 A. 2d 376 (1970) ; *Commonwealth v. James*, 433 Pa. 508, 253 A. 2d 97 (1969) ; *Commonwealth v. Banks*, 376 Pa. 531, 103 A. 2d 726 (1954) ; *Commonwealth v. Broeckey*, 364 Pa. 368, 72 A. 2d 134 (1950).

But, argues the appellant, the main portion of the charge was inadequate on this phase of the case, and while the submitted points filled in the gap, they were read in such a hurried manner and monotonous tone by the trial judge as to be meaningless.

A charge to the jury must be evaluated by a reading and consideration thereof in its entirety. *Commonwealth v. Corbin*, 432 Pa. 551, 247 A. 2d 584 (1968). And there is no duty on the part of the trial judge to repeat himself. See *Commonwealth v. Chester*, 410 Pa. 45, 188 A. 2d 323 (1963) ; *Commonwealth v. Smith*, 374 Pa. 220, 97 A. 2d 25 (1953). As to the complaint of the manner in which a portion of the charge was given to the jury, we need only state that we are required to decide a case on the record presented and that the record herein fails to sustain the complaint advanced in this regard.

It is next argued that in requiring a defendant in a criminal case to present his closing argument to the jury first and allowing the Commonwealth to argue last,[1] his constitutional rights are thereby violated, be-

---

[1] Rule 1116(b) of the Pa. R. Crim. P. (effective August 1, 1968) provides as follows: "When the evidence is concluded, each party shall be entitled to present one closing argument to the

cause this in effect shifts the burden of proof away from the Commonwealth and places upon the defendant the burden of proving himself innocent.

We are not persuaded that the trial procedure mandated by Rule 1116, supra n. 1, results in a shifting of the burden of proof in any degree. Nor can we see how such a procedure could possibly produce or tend to produce any such thinking in the minds of the jurors. But, if such false impression did occur, it was completely dissipated by the charge of the court. In the instant case, the trial judge on more than one occasion specifically instructed the jury that the defendant was presumed to be innocent throughout the entire trial and that before a guilty verdict could be returned, it was the burden of the Commonwealth to prove his guilt beyond a reasonable doubt.[2] Additionally, we note that at trial appellant's counsel did not object to the procedure of which he now complains.

Finally, it is urged that in several instances during the course of the trial, the district attorney, by word and deed, impugned the integrity of counsel for the

jury. Regardless of the number of defendants, and whether or not a defendant has presented a defense, the attorney for the Commonwealth shall be entitled to make one argument which shall be made last."

Before the enactment of this rule, the order of closing arguments was left to the discretion of the trial judge. See *Burish v. Digon*, 416 Pa. 486, 206 A. 2d 497 (1965). The rule was intended to make the practice uniform throughout the Commonwealth. See Comment to Rule.

[2] In one instance, the trial judge charged the jury as follows: "The defendant comes into this Courtroom clothed with a presumption of innocence. That presumption stays with him throughout the entire trial. It is a cloak that is wrapped around the defendant until the end of the trial and until the Commonwealth, acting through the District Attorney, has obliterated it by proof beyond a reasonable doubt. The presumption of innocence in itself is enough to compel you to return a verdict of not guilty, until it is dissipated by proof beyond a reasonable doubt."

defense, and this resulted in an unfair trial and serious prejudice to the defendant's rights.

It is true that the prosecuting attorney enjoys an office of unusual responsibility, and that his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices. *Commonwealth v. Palermo,* 368 Pa. 28, 81 A. 2d 540 (1951) ; *Commonwealth v. Cicere,* 282 Pa. 492, 128 A. 446 (1925). This, we cannot emphasize too strongly. However, after studying the record, we are convinced beyond a reasonable doubt that the conduct of the district attorney now complained of did not result in an unfair trial or prevent the jury from weighing the issues in an objective manner. See *Commonwealth v. Simon,* 432 Pa. 386, 248 A. 2d 289 (1968).

Judgment affirmed.