398 A.2d 1003

COMMONWEALTH of Pennsylvania, Appellee,

v.

Milton JAMES, Appellant.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Milton JAMES, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 11, 1979.

Decided March 16, 1979.

Johr W. Packel, Asst. Public Defender, Barnaby Wittels, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Steven H. Goldbiatt, Deputy Dist. Atty., Maxine J. Stotland, Asst. Dist. Atty., Philadelphia, for appellee.

182

OPINION

MANDERINO, Justice.

Appellant, Milton James, was convicted of murder in the first degree on October, 1969. Post-verdict motions were denied and the judgment of sentence was affirmed by this Court. *Commonwealth v. James,* 450 Pa. 52, 296 A.2d 762 (1972) (three justices dissented concluding that the appellant had not been adequately informed of his constitutional rights). In October of 1973, appellant filed a petition for a writ of habeas corpus in the Federal District Court for the Eastern District of Pennsylvania. The petition was denied without an evidentiary hearing and the order was affirmed on appeal in February of 1975. In November of 1975, appellant filed a petition under the Post Conviction Hearing Act. In that petition he claimed that counsel in his previous appeal to this Court had been ineffective for failing to raise the alleged ineffectiveness of trial counsel. In that PCHA petition appellant also presented facts concerning the alleged ineffectiveness of trial counsel. Following an evidentiary hearing, the PCHA court concluded that "serious questions" had been raised concerning trial counsel's effectiveness and that counsel should have presented these issues in appellant's original appeal. According to the PCHA court, appellate counsel's failure to do so constituted ineffectiveness of counsel entitling the appellant to a new appeal before this Court. Except for stating that "serious questions" were raised, the PCHA court did not finally determine the issue of trial counsel's effectiveness, stating that the issue was reviewable in the new appeal being granted to appellant. This appeal from the original judgment of sentence then followed.

Following the PCHA court's order, the prosecution filed a cross-appeal contending that the order granting appellant a new appeal was improper. We will consider the questions raised by both appeals. Throughout this opinion the word "appellant," however, refers to Milton James.

■ The prosecution first contends that the PCHA court's order was improper because a trial level court should not decide whether an attorney rendered effective assistance of counsel in an appeal before this Court. We reject this argument as we have previously. Although disagreeing on other issues, five members of this Court agreed in *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977), that a trial court does have the authority to determine appellant counsel's effectiveness and grant a new trial if necessary.

The prosecution also contends that the PCHA court erred when it concluded that appellant was denied the effective assistance of counsel in his original appeal to this Court. The prosecution argues that appellate counsel's decision not to raise the ineffectiveness of trial counsel had a reasonable basis to effectuate the interest of appellant because appellant had a second avenue of appeal via its PCHA petition. The prosecution argues that since our decision in *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975) *requiring* appellate counsel to raise trial counsel's ineffectiveness was decided after this appellant's first appeal, that appellate counsel cannot be held ineffective for failing to raise a claim which was not then required. This argument ignores the fact that appellate counsel is *required* to raise trial counsel's ineffectiveness, or waive this claim, by the Post Conviction Hearing Act which was effective in 1966, long before appellant's first appeal or even his trial. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1978–79).

The evidence at appellant's 1969 trial showed that on April 18, 1968, appellant and Donald Lee were in Lee's apartment when Louis Glover came to visit. Glover and Lee began to argue and, after Glover refused to leave, Lee grabbed a kitchen knife and pursued Glover out of the apartment and into the street. While Glover was shouting insulting epithets, appellant, who had followed Lee, grabbed the knife from Lee and chased Glover down the street. Glover, who had been brandishing bricks, picked up a bottle and turned toward appellant. Glover swung the bottle at

appellant and a fight ensued, with the two rolling about on the ground. Glover's bottle was broken either immediately before or during the fight. Glover died as a result of knife wounds inflicted by appellant during this fight, and appellant was arrested the next morning. At trial, the prosecution attempted to show that appellant stabbed Glover because he was jealous of Glover's relationship with Lee. Appellant testified that he was a homosexual but denied any motive of jealousy. He contended that he acted in self-defense.

Appellant raises several issues in support of his claim that trial counsel was ineffective, among them that his trial counsel was ineffective for not objecting to certain comments made by the prosecution during the trial. We agree. Because we agree that appellant is entitled to a new trial on this issue, we need not consider the other contentions raised by appellant which include the retroactive application of recent decisions concerning the burden of proof of self-defense and the involuntariness of appellant's confession.

Although appellant has called to our attention various examples of alleged improper prosecutorial comment during the trial, it is necessary now to note only the more blatant improprieties in order to illustrate that irrelevant prejudicial matters were improperly injected into appellant's trial by the prosecuting attorney. None of the following statements were objected to by appellant's trial counsel.

The following remarks were made during the prosecutor's opening statement:

"He [appellant] will go to prison and maybe he will be happy because he is a homosexual, in prison."

. . . . .

"But you just have to put him away for the rest of his life. Because if you [sic] are on the street, he would only find another lover and become jealous and then we would have it all over again."

During closing argument, the prosecuting attorney referred to an unrelated incident which was designed only to inflame the prejudices of the jury.

"It is becoming now the rule. Murder in the street.
See that man, that cop there, Graves? [referring to a police officer who was sitting in the courtroom] Do you see the black thing across his number? They killed a cop two days ago out in the street—cold-blooded murder. It has to stop . . . He [appellant] has done something wrong, and that something wrong must be stopped, for you, your family, and all the other decent people who don't want to see the city go to hell."

The prosecuting attorney also expressed his own opinion of appellant's veracity, and of appellant's guilt on several occasions during the trial. Indeed, at one point during his cross-examination of appellant, the trial judge reminded the prosecutor that he was "not allowed to express [his] opinion as to the [appellant's] testimony." The prosecutor later characterized this testimony as nonsense and called it "an absolute lie."

The prosecution now contends that even if indeed these statements constitute prosecutorial misconduct under today's state of the law, they did not constitute such misconduct at the time of appellant's first appeal in 1972. The claim is meritless. In 1970, this Court, although not for the first time, made it clear "that the prosecuting attorney enjoys an office of unusual responsibility, and that his trial conduct should never be vindictive or attempt in any matter to influence the jury by arousing their prejudice." *Commonwealth v. Toney,* 439 Pa. 173, 180, 266 A.2d 732, 736 (1970). In 1971, we called the ABA Standards Relating to the Prosecution Function, ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and Defense Function § 5.8(b), to the attention of all prosecutors, and reminded them to exercise sound discretion in performing their duties. *Commonwealth v. Potter,* 445 Pa. 284, 285 A.2d 492 (1971).

Moreover, improper remarks and unfair arguments made during a trial have on many previous occasions been condemned by this Court. Although the facts of each case necessarily differ, the basic principles to be applied have

been well-settled for many years. In *Commonwealth v. Williams,* 309 Pa. 529, 164 A. 532 (1932), decided almost a half-century ago, this Court pointed out

"Improper remarks and unfair arguments made during the trial, especially of a case involving a serious criminal charge, have heretofore been emphatically condemned by this court. We must again forcibly repeat 'That the district attorney is a quasi-judicial officer, representing the Commonwealth, which seeks no victims, but only justice; that, since he is invested with these grave responsibilities, he should, at all times, conduct the Commonwealth's case fairly, present it in an impartial manner, and avoid seeking to influence the jury by arousing their prejudices.' *Commonwealth v. Cicere,* 282 Pa. 492, 495, 128 A. 446. Moreover, as we said in *Mittleman v. Bartikowsky,* 283 Pa. 485, 486, 129 A. 566, 567: 'It is to be regretted that all members of the bar do not always keep in mind what was said by this court years ago, that—"A cause is not well tried unless fairly tried and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground that one obtained by false testimony." * * The winning of a verdict should be a hollow reward to the advocate who has brought it to pass by appeals to a jury's prejudices and not by the strength of the case presented. Such verdicts are, moreover, worthless, for the courts will not let them stand'."

In *Commonwealth v. Shoemaker,* 240 Pa. 255, 87 A. 684 (1913), decided sixty-six years ago this Court observed:

" 'The district attorney is a quasi judicial officer. He represents the commonwealth, and the commonwealth demands no victims. It seeks justice only, equal and impartial justice; * * * hence he should act impartially. He should present the commonwealth's case fairly, and should not press upon the jury any deductions * * * that are not strictly legitimate. When he exceeds this limit * * he is no longer an impartial officer.' "

■ As did the *Williams* court *supra,* we emphatically condemn improper remarks and unfair arguments seeking to influence the jury by arousing their prejudices. The remarks quoted above were clearly that. They injected irrelevant and prejudicial matters into the trial, and sought to influence the jury's consideration by appealing to the jury's possible bias against homosexuals, by inviting the jury to assume that if they acquitted appellant they would somehow be dishonoring the memory of a police officer slain in a completely unrelated incident, and by invading the jury's function of impartially evaluating the credibility of the witnesses. *Commonwealth v. Potter,* 445 Pa. 284, 285 A.2d 492 (1971).

Trial counsel's failure to object to these remarks could in no way have effectuated his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). We conclude that trial counsel's failure to object to the prosecutor's comments constituted ineffective assistance of counsel, and that appellate counsel's failure to raise the issue of trial counsel's ineffectiveness in appellant's previous appeal also constituted the ineffective assistance of counsel.

For these reasons, we affirm the order of the Court of Common Pleas granting appellant leave to file this appeal, and we reverse the judgment of sentence and grant a new trial.

O'BRIEN and NIX, JJ., did not participate in the consideration or decision of these cases.

EAGEN, C. J., filed a concurring opinion.

EAGEN, Chief Justice, concurring:

I join in the opinion of the Court. Under the circumstances presented, the granting of a new appeal to the petitioner under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.* (Supp.1978–79), by the Court of Common Pleas on the basis that appellate counsel was ineffective was proper. Unlike

the circumstances present in *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977), where the alleged inadequacies of appellate counsel involved matters of which the appellate court necessarily had knowledge and which were subject to supervisory authority of that court, the failure of appellate counsel to raise the issue of trial counsel's effectiveness is not a matter which would come to the attention of the appellate court. In the former instance, if the representation is inadequate, such is obviously apparent to the appellate court and via its supervisory authority a supplemental or new brief or oral argument can be *sua sponte* ordered. In the latter instance, the appellate court will not exercise its authority because it will not necessarily have knowledge of the inadequate presentation. Accordingly, I limit my approval of *Commonwealth v. Sullivan,* supra, to the circumstances here presented.