## Connelly *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Trial—Objectionable remarks of counsel —Withdrawal of juror—Practice, C. P.*

In an action against a street railway company to recover $10,000 damages for personal injuries the trial judge commits reversible error in refusing to withdraw a juror when counsel for the plaintiff in his argument to the jury says, "Now, how much will she lose in the future? Do you think she will ever get fit for work? Remember almost four years have passed. If she did not get better in that time, she never will. She is twenty-nine years of age. The life tables use eighty as a basis. She has an expectancy of twenty-five years. Suppose she only makes $600 during the balance of the time. There is something like $18,000 or $20,000 for loss in earning power in the future" there being no proof as to life tables or expectancy and no evidence to sustain such an argument.

Argued Nov. 2, 1910. Appeal, No. 150, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny County, March T., 1907, No. 690, on verdict for plaintiff in case of Sadie Connelly v. Pittsburg Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for personal injuries. Before BROWN, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $8,000 and judgment thereon. Defendant appealed.

*Error assigned* among others was refusal to withdraw a juror.

*Walter M. Lindsay*, with him *Clarence Burleigh* and *William A. Challener*, for appellant.

*L. K. Porter*, with him *Robert E. Price* and *S. G. Porter*, for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

We are of opinion that the second assignment of error

must be sustained and the judgment be reversed with a venire. Counsel for appellee in his argument to the jury said, inter alia: "Now, how much will she lose in the future? Do you think she will ever get fit for work? Remember almost four years have passed. If she did not get better in that time, she never will. She is twenty-nine years of age. The life tables use eighty as a basis. She has an expectancy of twenty-five years. Suppose she only makes $600 during the balance of the time. There is something like $18,000 or $20,000 for loss in earning power in the future." Counsel for appellant then called the attention of the trial judge to these improper remarks, requested a juror to be withdrawn and moved that the case be continued. The motion was refused and this refusal is made the subject of the second assignment of error. That it was error must be conceded, but it is argued that it is not substantial or reversible error. We cannot accept this view of it. In the statement of claim the amount of damages sought to be recovered was fixed at $10,000. In several recent cases this court has held it to be reversible error for counsel or court to direct the attention of the jury to the amount of damages claimed in the declaration, because such statements are ex parte and may or may not have any substantial foundation in fact. They furnish no proper or legal measure of the damages to be recovered for the injuries suffered. The party asking for damages must prove them. The claims amount to nothing without the proofs. In the case at bar there was no proof as to life tables or life expectancy and therefore nothing in evidence upon which to base the argument about which complaint is made. There is nothing in the record to justify the argument and whether made inadvertently or intentionally the result is the same. The jury was told that the appellee had suffered a loss in earning power thus measured of from $18,000 to $20,000, twice as much as she claimed. The manifest purpose of the argument was to increase the amount of the verdict. There was no evidence to sustain the argument and it

comes within the rule of the line of cases cited by appellant in which judgments were reversed for similar reasons: Reese v. Hershey, 163 Pa. 253; Wagner v. Hazle Township, 215 Pa. 219; Dougherty v. Pittsburg Rys. Co., 213 Pa. 346; Quinn v. Rapid Transit Co., 224 Pa. 162; Hollinger v. York Rys. Co., 225 Pa. 419.

It is unnecessary to discuss the remaining assignments because the matters complained of can be called to the attention of the court at the next trial when if more definite instructions are required counsel can secure the same by points or requests.

Judgment reversed and a venire facias de novo awarded.