# Brown *v.* Central Pennsylvania Traction Company, Appellant.

*Appeals—Assignments of error—Record—Exceptions—Objectionable remarks by counsel.*

1. A judgment will not be reversed for the refusal of the court to withdraw a juror and continue the case because of alleged objectionable remarks of counsel where the assignment of error fails to show precisely what the remarks were, and there is nothing upon the record which shows that counsel made the assertion attributed to him, and where he denies having made any such statement.

2. It is not sufficient, if counsel desires to insist upon the withdrawal of a juror, to simply note an objection. Counsel should direct the court's attention particularly to the objectionable matter, insist upon his rights and, if refused, secure an exception.

*Negligence—Damages—Verdict—Improper remarks of counsel.*

3. In an action to recover damages for personal injuries, it is the jury's duty to find the facts, and, where the plaintiff is en-

titled to recover, to fix the amount of damages, but the verdict should be given by way of compensation to the plaintiff and not punishment or warning to the defendant. To urge these latter considerations upon the attention of the jury merely serves to divert their minds from the proper lines of thought, and counsel indulges in such tactics at their peril.

Argued May 21, 1912. Appeal, No. 4, March T., 1912, by defendant, from judgment of C. P. Dauphin County, March T., 1910, No. 207, on verdict for plaintiff in the case of Jacob H. Brown v. Central Pennsylvania Traction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries. Before GILLAN, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The jury found a verdict for the plaintiff in the amount of $2,500 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendant's request for withdrawal of a juror.

*C. L. Bailey,* of *Wolfe & Bailey,* for appellant, cited: Carothers v. Pittsburgh Railways Company, 229 Pa. 558; Vivian v. Challenger, 45 Pa. Superior Ct. 1; Connelly v. Pittsburgh Railways Company, 230 Pa. 366; Holden v. Penna. R. R. Company, 169 Pa. 1; Hollis v. United States Glass Company, 220 Pa. 49; Wagner v. Hazle Township, 215 Pa. 219; Saxton v. Pittsburgh Rys. Company, 219 Pa. 492.

*James A. Stranahan,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 2, 1912:

At the trial of this case the plaintiff testified that while he was in the act of boarding a car of the defendant company it started and he was thrown to the

ground and injured. The defense was that the plain-
tiff had attempted to get on a moving car. The issue
was submitted to the jury, and a verdict was rendered
for the plaintiff; the defendant has appealed. There
is but one assignment of error and that complains of
the refusal of the trial judge to withdraw a juror and
continue the case because of certain objectionable re-
marks made by counsel for the plaintiff during the
course of his address to the jury.

The appellant contends that the plaintiff's counsel
said to the jury "that if the car was so crowded as to
require the conductor to be inside, the company was
negligent in not providing three men to manage it."
While the excerpts from the notes of testimony covered
by the assignment of error indicate that something of
this nature may have been said, counsel denies having
made any such statement, and the assignment fails
to show precisely what his remarks were; whatever
they may have been there is nothing upon the record
which shows that he made the assertion attributed to
him by counsel for the appellant. Not having the lan-
guage objected to before us, we cannot say that the
court below committed error in its rulings in respect
thereto. However, we are of opinion that the state-
ment made by counsel for the plaintiff after the refusal
to withdraw a juror, to the effect that " a verdict against
a corporation of this kind would be a blessing for this
company as well as the community; it will preserve
the safety of passengers in the community; it will act
as a safeguard and a warning to the company," was
highly improper, and had an application for the with-
drawal of a juror and continuance of the case based
thereon been declined, it might well have been urged
as reversible error; but this course was not pursued.
On the contrary, counsel for the defendant merely
stated to the court, "I object to that line of argument
that there should be three men on a car; there is no
custom shown or necessity for it." The court replied,

"we will take care of that .... to the jury"; and counsel then said, "I simply note my objection." From this we must take it that the defendant did not then desire to insist upon the withdrawal of a juror, else counsel would have directed the court's attention particularly to the objectionable matter indicated by us, insisted upon his rights, and if refused, secured an exception. But instead of so doing, he simply noted an objection.

In cases of this character it is the jury's duty to find the facts, and when the plaintiff is entitled to recover, to fix the amount of the damages; but the verdict should be given by way of compensation to the plaintiff and not punishment or warning to the defendant. To urge these latter considerations upon the attention of a jury merely serves to divert their minds from the proper line of thought and counsel indulge in such tactics at their peril: Saxton v. Pittsburgh Rys. Co., 219 Pa. 492; Carothers v. Pittsburgh Rys. Co., 229 Pa. 558; Connelly v. Pittsburgh Rys. Co., 230 Pa. 366; Freeman v. Wilkes-Barre & W. V. Traction Co., 36 Pa. Superior Ct. 166; Brown v. Sunbury & S. E. Ry. Co., 43 Pa. Superior Ct. 61. While in Brown v. Scranton, 231 Pa. 593, and Miller v. Phila. Rapid Transit Co., 231 Pa. 627, we recently overruled specifications of error which complained of alleged objectionable remarks of counsel, those cases are not to be taken as indicating any change of attitude by this court upon the general subject under discussion; as stated by the present Chief Justice in Saxton v. Pittsburgh Rys. Co., supra, such remarks are "intemperate appeals to the prejudices of the jury and invitations to find a verdict upon false grounds," and they should be condemned accordingly. But, owing to the state of the present record, we must dismiss the assignment of error.

The judgment is affirmed.