## Commonwealth *v.* Shoemaker, Appellant.

*Criminal law—Manslaughter—Remarks of counsel—Reference to facts not in evidence—Refusal to withdraw juror—Practice, O. and T.—Recording remarks.*

1. When remarks to the jury are made by counsel to which objection is made, it is the duty of the court when requested to direct the stenographer to place upon the record the remarks as the court understood them; failure to do so is error. In such case the counsel may place the remarks on the record by affidavit.

2. In the trial of a case it is error for counsel to state his own knowledge of facts, unless he has testified thereto as a witness, or to insinuate that he has knowledge of facts which are calculated to prejudice the opposite party.

3. In the trial of an indictment for murder it is highly objectionable for the district atttorney to say to the jury, referring to the flight and return of the defendant, "I will not say anything about his flight or his return, as there are some things between the defendant's counsel......and the district attorney which if divulged would certainly lead to his conviction," or "they argue that his surrender is a token of innocence......It is not for me to say what passed between his counsel......and myself and

whether that confidence should or could secure his acquittal or conviction." The district attorney is a quasi-judicial officer and should not press upon the jury any deductions that are not strictly legitimate. If he does so a juror must be withdrawn.

Argued March 3, 1913. Appeal, No. 45, Jan. T., 1913, by defendant, from judgment of O. & T. Luzerne Co., January Sess. 1913, No. 227, on verdict of guilty of manslaughter in case of Commonwealth v. Stanley Shoemaker. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Indictment for murder. Before O'BOYLE, J.

The opinion of the Supreme Court states the case.

Verdict of guilty of, manslaughter upon which sentence of fine of $100.00 and costs, and imprisonment of from six to twelve years was imposed. Defendant appealed.

*Error assigned* was the refusal of the court to withdraw a juror and continue the case on account of certain remarks of counsel.

*Abram Salsburg,* with him *Mose H. Salsburg* and *James H. Shea,* for appellant.

*C. B. Lenahan,* Asst. District Attorney, with him *John H. Bigelow,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 31, 1913:

The only assignments of error insisted upon in this case concern an alleged abuse of discretion by the court below.

The defendant was indicted and tried for murder; the Commonwealth pressed for a verdict of second degree and the jury rendered one of voluntary manslaughter. The deceased was hurt during the course of a bar-room altercation and died a week afterwards; it was con-

tended that if the death was due to the alleged actions of the defendant, such actions were in self-defense and without an intent to do material harm to anyone. It appeared that directly after the altercation the defendant left his home and did not return for nearly two weeks, when he surrendered himself. At the trial, counsel for the defendant claimed that the prisoner's surrender was the act of an apparently innocent man. In replying to this argument the district attorney used the language complained of. The occurrence is best shown by the following abstract from the record returned to this court:—"Mr. Shea (counsel for the defense)—We ask that a juror be withdrawn, and we ask that this be put down upon the record; that the district attorney said that there was something that had passed between him and the defendant's counsel, who does not appear here to defend him, which would lead to his conviction. District Attorney Bigelow—I did not say that. I say that there are some things that passed in confidence between counsel for the Commonwealth and counsel for the defendant that may not be revealed in the argument of the case. Mr. Shea—I want that explained, that is not the counsel that appears here now. We now ask that a juror be withdrawn. By the Court—We decline to withdraw a juror and note an exception for the defendant. Mr. Salsburg (counsel for the defendant)—I desire also to have stated the remarks of the district attorney, that certain things occurred between the counsel representing the defendant, who is not now at the defendant's table, and the district attorney, that would lead undoubtedly to the conviction of the defendant. District Attorney Bigelow—To which the district attorney replied that he made no such statement. Mr. Salsburg—We ask the court to place upon the record the remarks which the court understood the district attorney to make. By the Court—We decline so to do, but we did not understand the statement to be as stated now." At the conclusion of the court's charge counsel

for the defense stated, "Before submitting this case we desire to submit this affidavit and make it a part of the record, and also, if you rule against me I want to take an exception and move to withdraw a juror and continue the case." The affidavit was subscribed to by the three counsel for the defense and was to the effect that the district attorney had used the following language: "I will not say anything about his flight or his return, as there are some things between the defendant's counsel who is not sitting in this case and the district attorney which if divulged would certainly lead to his conviction." The district attorney filed an affidavit headed, "My Objectionable Remark," in which he gave this version of the language he had used: "They argue that his surrender is a token of innocence; that under his counsel's advice he offered himself without compulsion. It is not for me to say what passed between his counsel (not the counsel at the table of the defendant) and myself, and whether that confidence should or could, secure his acquittal or conviction. But, etc. (here was interrupted.)" After the affidavits were presented the court stated, "Gentlemen of the jury, in view of the fact that counsel has called our attention to it, and in view of the fact that this case, we think, is very plain and simple, and that we have taken already three days to try it, we say to you that there was nothing said by counsel that could at all, in our view of it, justify us in withdrawing a juror and continuing the case, and we call your attention now that anything counsel stated with relation to what had been stated before or by another counsel outside of those who are in the case, is, as they say, ultra vires, outside of the case altogether, and we ask you to dismiss that from your mind, the whole of it. You probably would do so, but I call your attention to it now and ask you to dismiss that from your minds altogether and pay inattention to it; and for that reason we will not withdraw a juror, but will permit you to dispose of this case as we think you

are well able to do, uninfluenced in any way by what has been complained of. The motion is denied, and exception noted for the defendant, and the paper may be filed, as may also the paper prepared by the district attorney, Mr. Bigelow."

The trial judge committed error in not directing the official stenographer to place upon the record the remarks of the district attorney as the court had heard and understood them; that such was the proper course to pursue is plainly indicated in our decisions. When the district attorney disagreed with counsel for the defense concerning the alleged objectionable language, the latter immediately requested the trial judge to perform his duty in this respect; and when the court declined, counsel proceeded in the appropriate way to protect the prisoner's interests and secure a review: See Com. v. Weber, 167 Pa. 153; Holden v. Pennsylvania Railroad Co., 169 Pa. 1; Com. v. Windish, 176 Pa. 167; Com. v. Shields, 50 Pa. Superior Ct. 1, 23.

No matter what version we may accept, the remarks of the district attorney were highly objectionable and likely to prove prejudicial to the defendant. "It is error for counsel......to state......his own knowledge of facts unless he has testified thereto as a witness...... or to insinuate that he has knowledge of facts which are calculated to prejudice the opposite party": 38 Cyc. 1496. "The district attorney is a quasi-judicial officer; he represents the Commonwealth, and the Commonwealth demands no victims. It seeks justice only, equal and impartial justice......; hence, he should act impartially. He should present the Commonwealth's case fairly, and should not press upon the jury any deductions......that are not strictly legitimate. When he exceeds this limit......he is no longer an impartial officer": Com. v. Nicely, 130 Pa. 261, 270, approved in Com. v. Bubnis, 197 Pa. 542, 550. Also see Com. v. Polichinus, 229 Pa. 311, 314; Com. v. Green, 233 Pa. 291; Com. v. Swartz, 37 Pa. Superior Ct. 507, 511. As

in Com. v. Green, supra, it is probable that the district attorney intended no deliberate injustice to the defendant; but we all agree that injustice was likely to result from his conduct. In Com. v. Polichinus, 229 Pa. 311, we call attention to the fact that "we have discountenanced conduct of this character in a number of recent cases"; and in Brown v. Central Pennsylvania Traction Co., 237 Pa. 324, we state that "Counsel indulge in such tactics at their peril." Also see, Guckavan v. Lehigh Traction Co., 203 Pa. 521; Wagner v. Hazle Township, 215 Pa. 219, 225; Saxton v. Pittsburgh Railways Co., 219 Pa. 492; Hollis v. United States Glass Co., 220 Pa. 49; Fisher v. Delaware, Lackawanna & Western R. R. Co., 227 Pa. 635; Connelly v. Pittsburgh Railways Co., 230 Pa. 366. To have withdrawn a juror at the request of the defendant would not have prejudiced the Commonwealth's right to try the prisoner again on the indictment: Com. v. Cook, 6 S. & R. 577; Peiffer v. Commonwealth, 15 Pa. 468.

The court's instructions in relation to the objectionable language of the district attorney are so vague and indefinite, one cannot say with any degree of certainty that the jury must have understood their application or that they cured the harm complained of. If the trial judge thought the remarks harmless, he should have placed his understanding of the language used upon the record; he then could have refused the motion of counsel for the defense and granted an exception, and on appeal we would have passed upon his exercise of discretion accepting the version of the occurrence stated or approved by him. While no doubt the trial judge intended to administer impartial justice, yet upon the light furnished by the present record we cannot but feel that the ruling assigned for error shows a misuse of judicial discretion which in law amounts to an abuse thereof (Com. v. Cook, supra, p. 598).

The first and second assignments are sustained, and the judgment is reversed with a venire facias de novo.