## Commonwealth *v.* Robinson, Appellant.

Submitted March 11, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*John P. McComb, Jr., Charles R. Taylor, Jr.,* and *Moorhead & Knox,* for appellant.

*Charles B. Watkins* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 21, 1968:

Oscar Robinson entered a guilty plea to a charge of murder. His February 15, 1965 guilty plea and degree of guilt hearing resulted in a verdict of murder in the second degree and a prison term of 7 to 15 years. This appeal is taken from the denial without hearing of his first Post Conviction Hearing Act petition.

In a commendably frank brief, the Commonwealth concedes that two statements obtained from appellant Robinson and introduced at his degree of guilt hearing were obtained under circumstances violative of *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), a decision applicable to appellant. See *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966). However, we recently held in *Commonwealth v. Padgett,* 428 Pa. 229, 237 A. 2d 209 (1968) that evidentiary use of a statement violative of *Escobedo* can be deemed constitutionally harmless if this Court is satisfied that the error "was harmless beyond a reasonable doubt." See *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967). Since appellant entered a plea of guilty to second degree murder and the Commonwealth was unsuccessful in its attempt to raise the degree of appellant's guilt, it follows that evidentiary use of the two statements was constitutionally harmless error.

Yet this does not terminate our inquiry for appellant also contends that the existence of the tainted confessions prompted entry of the plea itself and that he should therefore be entitled to withdraw his plea. The Commonwealth correctly recognizes that appellant is attempting to place himself under the doctrine first

enunciated in *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967). We there held that a guilty plea could be collaterally attacked if the post-conviction applicant could prove that his plea was primarily motivated by the existence of a constitutionally infirm confession. Although the Commonwealth contends that *Garrett* is limited to allegations that the underlying constitutional infirmity motivating the plea was a coerced confession, we do not believe that *Garrett* can be so confined. Not only in post-*Garrett* cases have we spoken in broader terms such as the presence of allegedly "constitutionally infirm evidence," see *Commonwealth v. Marshall,* 429 Pa. 305, 308, 239 A. 2d 313, 314 (1968), but the rationale of *Garrett* itself does not support the Commonwealth's reading of that decision. As is evident from that opinion and its emphasis upon the requirement that a valid guilty plea be the voluntary and intelligent choice of the accused, a plea is no more voluntary if primarily motivated by the existence of a confession violative of *Escobedo* than would be a plea primarily motivated by the existence of a coerced confession. We can perceive no possible rationale for a hierarchy of constitutional protections in this area such that a plea primarily motivated by a coerced confession could be collaterally attacked while a plea primarily motivated by a confession infirm under *Escobedo* could not. In either case the vice is identical—the Commonwealth has procured a plea based primarily upon constitutionally infirm evidence the presence of which has precluded a voluntary and intelligent choice by the accused.

One further question remains and that is whether appellant is entitled to a hearing. In *Garrett,* although we held that the accused's allegations were sufficient to form the basis of a collateral attack upon his plea, we found that a hearing was not necessary because the

*trial* record demonstrated that tactical reasons caused the allegedly infirm confession to go unchallenged at trial.[1] Our reasoning was based upon the premise that counsel must make the initial decision as to whether a confession can be challenged and that, based upon his evaluation, counsel and client determine their strategy. Finding record evidence that just such a decision had been made,[2] we concluded: "In the instant case it is clear that Garrett's counsel concluded not only that his confession could not be excluded under the standards as they knew them in 1962, but also that all they could accomplish by making a futile effort to exclude it would be to antagonize a jury, possibly subjecting their client to the electric chair." 425 Pa. at 602, 229 A. 2d at 927. The record now before us gives no indication that the choice to plead was tactical and made after counsel's evaluation of the now challenged statements.[3] We thus believe that a hearing is necessary to give appellant an opportunity to prove, if he can, that the confessions were, in fact, the primary motivation for his plea. While not wishing to restrict the scope of this hearing, we suggest that relevant to this inquiry will be whether trial counsel did make an evaluation of the admissibility of appellant's confessions and whether, after this evaluation was made, the plea was entered for such tactical or other reasons[4] that it can be said

---

[1] See *Commonwealth v. Baity*, 428 Pa. 306, 237 A. 2d 172 (1968) ; cf. *Commonwealth v. Snyder*, 427 Pa. 83, 233 A. 2d 530 (1967).

[2] Footnote 7 of *Garrett* quotes this evidence at length.

[3] In fact, during the degree of guilt hearing appellant's trial counsel did object to the introduction of the two statements, assigning as his reason therefor that appellant was not told of his right to counsel prior to questioning.

[4] *Garrett* suggests that there are many reasons why a guilty plea might be entered, e.g., hope for a more lenient sentence, avoidance of publicity, reasons sufficiently disconnected from the al-

that appellant's plea was not primarily motivated by the confessions.

The order of the Court of Oyer and Terminer of Allegheny County is vacated and the record remanded for proceedings consistent with this opinion.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.

Mr. Justice COHEN took no part in the consideration or decision of this case.

------

legedly infirm evidence that the post-conviction applicant would be unable to sustain his burden of demonstrating that the constitutionally infirm evidence was the primary motivation for his guilty plea.