## Commonwealth *v*. Toth, Appellant.

Argued September 14, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James M. Potter*, with him *Liever, Hyman and Potter*, for appellant.

*Grant E. Wesner*, Deputy District Attorney, with him *Robert L. Van Hoove*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 28, 1972:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the trial court committed reversible error in not granting him a new trial because of prejudicial remarks which the prosecutor made during the course of his closing argument. I do not need to reach the appellant's other contentions because I believe that the prosecutor's remarks necessitate the granting of a new trial.

Appellant asserted that he was innocent of the charges lodged against him, but that his alleged partners in crime implicated him in order to obtain leniency for themselves. To establish his innocence, appellant presented his alleged co-felons' fellow prisoner who testified that the co-felons had stated that they intended to implicate the appellant for their own benefit. The prosecutor objected to the admission of these statements into evidence on the ground that they were hearsay. Defense counsel correctly responded that the remarks were not offered for the truth of the matter, but to prove that the statements were made. The trial judge admitted this testimony. During his summation the prosecutor said: "In addition, McDonald's [the alleged co-felons' fellow prisoner] testimony was very interesting. I objected because he was testifying as to all these things that Barlow and Taggart [the alleged co-felons] said in response to the questions asked by Mr. Potter [the defense attorney], as I recall, said, 'Well, we're not entering this for the truth of it.' In other words, Mr. Potter said that they weren't putting this in because it was true. I had no idea why it was put in, but apparently Mr. Potter didn't believe it." (N.T. p. 160). After these words were uttered, the de-

fense counsel immediately moved for a mistrial which request was denied.

The defense counsel fully complied with the law which has long recognized that the defense attorney should object to the prosecutor's summation and move for the removal of a juror as soon as the objectionable language is used. *Commonwealth v. Wilcox*, 316 Pa. 129, 139, 173 A. 653 (1934); *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A. 2d 726 (1970). The purpose behind this rule is to allow the trial court to immediately instruct the jury to disregard the remarks if a mistrial need not be declared; the judge should also warn the speaker to be more careful in the future and restrict himself to a fair discussion of the evidence and the inferences which arise therefrom. *Commonwealth v. Wilcox*, supra.[1]

It is especially important that the prosecutor not exceed the permissible scope of argument in light of the Supreme Court of the United States' opinion in *Berger v. United States*, 295 U.S. 78, 88 (1935). In *Berger*, supra, Justice SUTHERLAND, speaking for the Court, said: "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty

---

[1] The trial judge did not instruct the jury to disregard the prosecutor's remarks at the time they were made, nor did the judge allude to these remarks in his instructions to the jury.

to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

"It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none."[2]

Considering the high degree of respect which jurors accord prosecutors, the American Bar Association Project on Standards for Criminal Justice suggests that:

"5.8 Argument to the jury.

---

[2] The Supreme Court of Pennsylvania expressed similar sentiments in *Commonwealth v. Bubnis*, 197 Pa. 542, 47 A. 748 (1901): "It may be proper for us to say in this connection that, in his official capacity, clothed with the gravest responsibilities, and exercising functions in a measure judicial, the district attorney should ever be cautious in expressing to a jury his belief in the guilt of the accused. If convinced of it, his duty is to lead them to his own judgment by pointing out to them, intelligently and impartially, the evidence which cannot fairly justify any other conclusion. The district attorney is a quasi-judicial officer. He represents the commonwealth, and the commonwealth demands no victims. It seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers, as it is to see that no guilty man escapes. Hence, he should act impartially. He should present the commonwealth's case fairly, and should not press upon the jury any deductions from the evidence that are not strictly legitimate. When he exceeds this limit, and in hot zeal seeks to influence them by appealing to their prejudices, he is no longer an impartial officer, but becomes a heated partisan:' Com. v. Nicely, 130 Pa. 261." *Commonwealth v. Bubnis*, supra, at 550-551. This principle has been reaffirmed a number of times. *Commonwealth v. Capalla*, 322 Pa. 200, 185 A. 203 (1936); *Commonwealth v. Revty*, 448 Pa. 512, 295 A. 2d 300 (1972).

"(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant . . . .

"5.9 Facts outside the record.

"It is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matters of common public knowledge based on ordinary human experience or matters of which the court may take judicial notice." A.B.A. Standards, *The Prosecution and Defense Function*, pp. 126, 129.[3]

Thus, in *Commonwealth v. Potter,* 445 Pa. 284, 285 A. 2d 492 (1971), the appellant was granted a new trial because the district attorney branded the appellant a liar.[4] *Commonwealth v. Shoemaker,* 240 Pa. 255, 87 A. 684 (1913), is more analogous to the instant matter. In *Shoemaker,* the district attorney asserted that the defendant's act of surrendering to the police was not a symbol of innocence because of certain acts which transpired between the defendant and his counsel and which the prosecutor was not free to disclose. Such an insinuation was found to be reversible error requiring a new trial.

The prosecutor's improper allegation goes to the heart of the appellant's claim that he was wrongfully

---

[3] This type of behavior has also been proscribed by the Code of Professional Responsibility in DR7-106(C).

[4] The appellant was also awarded a new trial in *Commonwealth v. Revty,* supra, which is the latest Supreme Court pronouncement in a case where the prosecutor accused the appellant of deception.

implicated. An assertion that the defense counsel knows his own witness is a liar cannot be wiped from the minds of the jurors. "A society cannot permit its agent to attempt to prejudice the minds of the jury against the accused by making wholly unsupported inferences that the accused deliberately deceived the jury." *Commonwealth v. Revty,* supra. Thus, I believe that appellant should be granted a new trial.

PACKEL, J., joins in this dissenting opinion.