## Commonwealth *v.* Wiggins, Appellant.

72

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas E. Harting,* for appellant.

*Charles A. Achey, Jr.,* and *George T. Brubaker,* Assistant District Attorneys, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 14, 1974:

The appellant herein was convicted of armed robbery[1] and sentenced to a term of imprisonment of 2½ to 5 years. In this appeal he alleges that the court committed reversible error in refusing to grant a mistrial when the district attorney in opening statement and closing argument suggested that the defendant had the burden of presenting a defense and characterized the appellant as a "dangerous man." We have carefully reviewed the record and find that the court acted properly and that the appellant was not prejudiced by the remarks. We accordingly affirm the judgment of sentence.

It is clear that a defendant "is under no duty to take the stand or produce evidence of his innocence but may stand mute protected by the presumption of innocence and demand that the Commonwealth sustain its burden

---

[1] Act of June 24, 1939, P. L. 872, § 705, 18 P.S. § 4705, *repealed,* Act of Dec. 6, 1972, P. L. 1482, No. 334, § 5.

of proving his guilt beyond a reasonable doubt." *Commonwealth v. Miller*, 205 Pa. Superior Ct. 297, 303, 208 A.2d 867, 870 (1965). Therefore, a suggestion by the district attorney that a defendant has a burden of presenting a defense is manifestly erroneous. The Commonwealth bears a never shifting burden of proving each and every essential element of the crime charged and the defendant need not offer any defense whatsoever. *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974).

However, the fact that the statement was erroneous does not necessitate the conclusion that the error was of reversible dimensions.[2] Here the judge immediately instructed the jury that the statement misquoted the law and was to be disregarded. The court stated: "[M]embers of the jury, the Court instructs you any remarks made by [the district attorney] do not change the theory of the law that the burden is on the Commonwealth to prove the guilt of the Defendant beyond a reasonable doubt at all times and that burden never shifts. [T]here is no requirement of any Defendant to take the witness stand. [A]nd no implication of guilt by failure of the fact that the Defendant does not take the stand [may be drawn]." Additionally, the defendant did take the stand and presented an alibi defense, and the judge properly charged the jury with regard to the defense. In light of the judge's immediate instructions to disregard the erroneous statement by the district attorney, and because the defendant introduced a defense as to which the jury was properly charged we cannot find that the appellant suffered any prejudice.

---

[2] The United States Supreme Court in *Donnelly v. DeChristoforo*, 416 U.S. 637, 647-48, 94 S. Ct. 1868, 1873-74 (1974), stated that "the distinction between ordinary trial error of a prosecutor and that sort of egregious misconduct . . . [which amounts] to a denial of constitutional due process. . . . [s]hould continue to be observed. . . ." (footnote omitted).

*See Commonwealth v. Lowery,* 440 Pa. 361, 269 A.2d 724 (1970).

The appellant also contends that the court committed reversible error in refusing to grant a mistrial when, during closing argument, the district attorney characterized the appellant as a "dangerous man." The record reveals the following exchange: "MR. ZIMMERMAN [appellant's counsel]: Objection. He stated that—made allegations to the one [of the three defendants] that he said they didn't want and then he goes to the other two and he states as far as they are concerned, my client and the other, that they are dangerous men and went on, as far as wanting them. I want that on the record. That has not been shown, not been brought out in testimony. MR. BRUBAKER [the district attorney]: You may have on the record what you want but, your Honor, the statement I made was the beginning of a sentence and was directed at these men and I said flatly, these are dangerous men. THE COURT: If what? MR. BRUBAKER: I said these are dangerous men. To that statement Mr. Zimmerman objected. MR. ZIMMERMAN: As compared to the statement he previously made about the third man. THE COURT: What was said about him? MR. ZIMMERMAN: He said they frankly don't want the third man then he gets to these— MR. SHAY: [counsel for one of the co-defendants]: I want to object to that too, your Honor. THE COURT: Members of the jury, these men are not convicted at this point so any remarks made by the District Attorney [as] to dangerous men is to be disregarded and you are to divorce that statement from your mind. The Court will instruct you fully as to what the law is with reference to this offense. Motion to withdraw the jurors is denied. MR. ZIMMERMAN: I ask for a mis-trial on the remarks of the District Attorney. THE COURT: Mr. Zimmerman asks for a mis-trial, motion for a mis-trial is disallowed and exception noted."

The remark of the district attorney was improper, and we cannot condone it. "A district attorney holds an office of unusual responsibility, and he must exercise his duties with complete impartiality." *Commonwealth v. Toth,* 455 Pa. 154, 158, 314 A.2d 275, 277 (1974). "[I]n his official capacity, clothed with the gravest responsibilities, and exercising functions in a measure judicial, the district attorney should ever be cautious in expressing to a jury his belief in the guilt of the accused." *Commonwealth v. Bubnis,* 197 Pa. 542, 550, 47 A. 748, 749 (1901).

Upon a review of the record, however, we cannot agree that the remark of the district attorney, in referring to the appellant as a "dangerous man" rendered the appellant's trial "so fundamentally unfair as to deny him due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S. Ct. 1868, 1872 (1974). It neither expressed the district attorney's belief in the appellant's guilt[3] or was "calculated to inflame the passions or prejudices of the jury,"[4] nor did it so infect the case that it could not be excised by the immediate and later repeated curative instructions of the trial judge.[5] In *Commonwealth v. Hoffman,* 439 Pa. 348, 354, 266 A.2d 726 (1970), the Court held that references by the district attorney in opening statement to the defendant as a man with the "heart of a sadist" and as a man with a "sadistic" heart did not require a new trial. In *Commonwealth v. Smith,* 270 Pa. 583, 588,

---

[3] *Compare Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974) *with Commonwealth v. Talley,* 456 Pa. 574, 318 A.2d 922 (1974).

[4] ABA Standards for Criminal Justice, The Prosecution Function, § 5.8 (Approved Draft, 1971).

[5] "Although some occurrences at trial may be too clearly prejudicial for such a curative instruction to mitigate their effect, the comment in this case is hardly of such character." *Donnelly v. DeChristoforo,* 416 U.S. 637, 644, 94 S. Ct. 1868, 1872 (1974).

113 A. 844 (1921), the Court held that the district attorney's remark in his closing address that the defendant "didn't have the heart of a man, or the soul of a man," did not require reversal. Recently, in *Commonwealth v. Talley*, 456 Pa. 574, 577, 318 A.2d 922 (1974), the Court held that a statement by the district attorney in closing argument that the defendant "has just committed murder," did not require reversal.

"[T]he language of the prosecuting officer which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation or degree of guilt that may be present in the case, and thus make them unable to render a true verdict." *Commonwealth v. Meyers*, 290 Pa. 573, 581, 139 A. 374, 377 (1927), *quoted in Commonwealth v. Hoffman*, supra, at 355, 266 A.2d at 730. The language used here did not rise to that standard.

Additionally, even though we believe that the language used here did not rise to prejudicial dimensions, the record reveals that the jury was sufficiently cautioned by the trial judge. The instruction immediately followed the improper statement and specifically advised the jury to disregard the statement, *see Commonwealth v. Talley*, supra; and was later reinforced in the charge. *See Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974). This instruction was adequate to "fully protect the rights of the accused." *Commonwealth v. Russell*, 456 Pa. 559, 565, 322 A.2d 127 (1974).

The appellant raises two additional arguments which we find to be totally without merit. Moreover, no objection was made at the time the alleged errors on which the arguments are based occurred. *See Commonwealth v. Marlin*, 452 Pa. 380, 305 A.2d 14 (1973);

*Commonwealth v. Gockley*, 411 Pa. 437, 192 A.2d 693
(1963).

Judgment affirmed.

DISSENTING OPINION BY SPAETH, J.:

I believe that the district attorney's characterization of appellant as a "dangerous man" in closing argument was sufficiently prejudicial (and unprofessional) to warrant the granting of a new trial.

The limits of permissible argument by a prosecutor to a jury are set forth in ABA Standards, The Prosecution Function §5.8 at 126:

"(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

"(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

"(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict." In the present case these limits were transgressed.

"The application of epithets to a defendant on trial . . . [has] no legitimate place in a district attorney's argument." *Commonwealth v. Capalla*, 322 Pa. 200, 206, 185 A. 203, 206 (1936). "It is no part of a district attorney's duty, and it is not his right, to stigmatize a defendant." *Id.* at 204, 185 A. at 205.

In *Capalla,* the Supreme Court concluded that a district attorney's reference to the defendant as a "cold-blooded killer" constituted reversible error because it represented an expression by the district attorney of his personal belief that the defendant was guilty. Very recently the court relied on *Capalla* in finding reversible error in a prosecutor's reference to the defendant and his accomplices as "hoodlums" and "animals." *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A. 2d 205 (1974). Through such epithets, said the court, "the assistant district attorney interjected his personal belief in the guilt of the accused." *Id.* at 528, 317 A. 2d at 207. *And see Commonwealth v. Russell,* 456 Pa. 559, 322 A. 2d 127 (1974) (testimony by assistant district attorney that defendant was not arrested until "there was no doubt, no doubt whatsoever" of guilt).

The district attorney here not only suggested his personal belief in appellant's guilt, as in *Capalla, Lipscomb,* and *Russell,* but he did so in such a way as to appeal to the "passions or prejudices of the jury," ABA Standards, *supra,* and, further, he asked the jury to base its verdict not on the evidence but on his personal assertion that two of the defendants were "dangerous." Generally, evidence of a defendant's character is irrelevant, *Commonwealth v. Wable,* 382 Pa. 80, 114 A. 2d 334 (1955), but assuming relevance, here there was no evidence of character; there was no testimony that appellant had a reputation for violence; and since appellant testified, it may be assumed that if he had had a serious criminal record, the district attorney would have introduced that fact by way of impeachment.[1]

---

[1] According to § 5.9 of the ABA Standards, *supra*: "It is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matters of common public knowl-

This case is unlike *Capalla* and *Lipscomb* in that here, in contrast to those cases, the trial judge immediately responded to the improper statement. In such circumstances it must be determined whether "[the] curative instructions . . . [were] adequate to fully protect the rights of the accused." *Commonwealth v. Russell, supra,* at 565, 322 A. 2d at 130.

In deciding whether curative instructions were adequate, attention must be given to a number of factors. Prompt instructions coupled with a reinforcing charge can obviate the prejudicial effect of an improper statement by a prosecutor, *see, e.g., Commonwealth v. Martinolich,* 456 Pa. 136, 150-151 n.11, 318 A. 2d 680, 688 n.11 (1974), provided the instruction and charge are neither vague nor indefinite, but sufficiently specific to permit "one [to] say with any degree of certainty that the jury must have understood their application or that they cured the harm complained of." *Commonwealth v. Shoemaker,* 240 Pa. 255, 260, 87 A. 684, 686 (1913). "The instruction should preferably be given immediately after the prejudicial event and repeated in the charge to the jury. It should be specifically tied to the facts, and, it should clearly and firmly advise the jury that the prejudicial event must be disregarded." *Commonwealth v. Talley,* 456 Pa. 574, 584, 318 A. 2d 922, 927 (1974) (dissenting opinion by ROBERTS, J.).

The instruction here was specifically tied to the district attorney's improper statement, and it did advise the jury to disregard the statement. However, it did not make clear why the statement should be disregarded. Nothing was said either about the statement's being without foundation in the evidence or about the irrelevance of whether a defendant was

---

edge based on ordinary human experience or matters of which the court may take judicial notice."

"dangerous." Nor were these inadequacies in the instruction cured by the charge. Nowhere in the charge was there any specific reference to the statement; there was only generalized comment about the attention to be paid to the arguments of counsel and about the sort of verdict that should be returned. One cannot say "with any degree of certainty that the jury must have understood" from such comment that the district attorney's statement was improper and was to be ignored. *Commonwealth v. Shoemaker, supra.* Moreover, certain generalized instructions usually given were not given here. Although the judge did say that the verdict should be "fair and just" and "factual," he gave no admonition that it should not be based on prejudice or passion, nor did he say that it had to be based only on the evidence.

The remaining question is whether the evidence was so substantial that the prejudice resulting from the district attorney's statement was harmless. The evidence may be summarized as follows. On July 10, 1971, around 11:00 p.m., a Pennsupreme Grocerette on Roseville Road in Lancaster County was robbed by three black men. One of the men ("robber No. 1"), who was armed, directed the actions of the three people—two employees and a customer—who were in the store at the time. The second man ("robber No. 2") assisted him, and the third man ("robber No. 3") stood by the door. Robber No. 1 and robber No. 2 each wore a gray stocking mask. No direct evidence, such as fingerprints or possession of proceeds of the robbery, linked appellant to the robbery. One of the employees identified appellant as one of the robbers. She said the masks two of the robbers wore blurred their features, but not their bone structures or the general shape of their heads. From this data she concluded that appellant was robber No. 2. This identification conformed with previous ones made by her. About two months

after the robbery she identified appellant as one of the robbers from a photograph included in a pack shown her, and then she picked appellant out of an eight-man corporeal lineup. She also identified appellant at his preliminary hearing. In fact, she stated at trial that she was more certain of her identification after the preliminary hearing. The second employee identified one of appellant's co-defendants as robber No. 1, and stated that he had previously identified the other of appellant's co-defendants as robber No. 2. The third eyewitness made no identification.

Thus the case against appellant was not overwhelming. On the Commonwealth's side the jury was presented with contradictory evidence of whether appellant was in fact robber No. 2, one witness saying he was not, and another, whose testimony was arguably not reliable, saying he was; and on appellant's side the jury was presented with alibi evidence. While the Commonwealth's evidence would suffice were this a case where the defendant was challenging the sufficiency of the evidence, it was not substantial enough to permit the conclusion that the district attorney's improper statement was error harmless beyond a reasonable doubt. *Commonwealth v. Diaz*, 438 Pa. 356, 264 A. 2d 592 (1970); *Commonwealth v. Robinson*, 430 Pa. 188, 242 A. 2d 266 (1968).

I would reverse the judgment of sentence and remand the matter for a new trial.

HOFFMAN, J., joins in this opinion.