J-S34006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK KENNETH MORNINGSTAR, | |
| Appellant | No. 1087 MDA 2014 |

Appeal from the Judgment of Sentence March 3, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000399-2012

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J:                    **FILED AUGUST 13, 2015**

Mark Kenneth Morningstar appeals from the judgment of sentence of eight years and ten months to twenty-five years incarceration imposed after a jury found him guilty of involuntary deviate sexual intercourse ("IDSI") with a person less than thirteen years of age, indecent assault with a person less than thirteen years of age, and corruption of a minor.  We affirm.

The victim in this matter and his former stepmother first reported incidents of sexual abuse in 2004 to the Mount Union Borough Police.  Police interviewed the victim with his stepmother and also questioned Appellant. The victim, who at that time was eight years old, alleged that Appellant had touched and licked the victim's penis approximately five times.  The police did not file charges.  In May of 2012, the victim, now sixteen, and having

been adopted by a new family, appeared with his adoptive mother at the Pennsylvania State Police barracks and again reported the abuse. Trooper Andrew Corl of the Pennsylvania State Police contacted the Mount Union Borough Police. Corporal Robert Lippman of the Mount Union police force reopened the investigation. He interviewed Appellant, who adamantly denied the charges. The victim's allegations in 2012 were substantially the same as in 2004. He maintained that Appellant had rubbed his penis on five or six occasions and performed oral sex on the victim two or three times.

The Commonwealth charged Appellant with five counts each of IDSI with a person less than thirteen, unlawful contact with a minor, corruption of a minor, and indecent assault of a person less than thirteen.[1] The information set forth the offense date for the crimes as February 20, 2004. Appellant proceeded to trial, and the Commonwealth elected only to pursue one count each of the aforementioned crimes. During closing arguments, Appellant highlighted that the Commonwealth had not presented evidence from the victim's former stepmother or his biological father. The Commonwealth in its summation responded that Appellant had the ability to subpoena witnesses in his defense. Counsel immediately objected and argued that the Commonwealth was improperly shifting the burden to

_____

[1] The Commonwealth proceeded on all of the indecent assault charges, one count each of IDSI of a child less than thirteen and corruption of a minor, and dismissed the unlawful contact counts.

Appellant. The trial court overruled the objection, concluding that Appellant opened the door to such argument.

Subsequently, the court instructed the jury that the Commonwealth was not required to establish a specific date of the offense. It informed the jury that all the Commonwealth needed to prove was that the crimes occurred during the statute of limitations for the offenses, which it stated did not begin to run until after the victim was eighteen. Appellant objected, pointing out that the Commonwealth had alleged in the criminal information that the crimes occurred on February 20, 2004. The court overruled the objection. The jury returned guilty verdicts. Thereafter, the court sentenced the defendant to consecutive sentences of seven and one-half to twenty years incarceration for the IDSI charge and one year and four months to five years imprisonment for corruption of a minor.[2] Appellant filed timely post-sentence motions, which the court denied. This timely appeal ensued. Appellant raises four issues for our review.

_____

[2] The Commonwealth sought to invoke the mandatory minimum sentence of ten years under 42 Pa.C.S. § 9718, which has since been deemed unconstitutional. Appellant astutely observed, however, that the mandatory minimum sentence at the time of the commission of the crimes was five years. He therefore argued for imposition of the five-year mandatory minimum sentence. The court declined to impose the mandatory and imposed a greater sentence; accordingly, we are not faced with a legal sentencing question.

> I. Whether the District Attorney committed prosecutorial misconduct by stating the Defendant could have subpoenaed certain witnesses in his defense.
>
> II. Whether the Lower Court improperly instructed the jury that the Commonwealth did not have to prove the date of the offense when the Defense presented evidence that Defendant was not at the alleged victim's home in the time period in question?
>
> III. Whether there was insufficient evidence to support the jury's guilty verdict on all of the charges?
>
> IV. Whether the jury's verdict was against the weight of the evidence?

Appellant's brief at 12.

In Appellant's third issue, he contests the sufficiency of the evidence. Since such a claim entitles a defendant to discharge rather than a re-trial, we address that issue at the outset. *Commonwealth v. Stokes*, 38 A.3d 846 (Pa.Super. 2011). In performing a sufficiency review, we consider all of the evidence admitted, even improperly admitted evidence. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We view the evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id.* When evidence exists to allow the fact-finder to determine beyond a

reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. *Id*. This Court does not "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id.*

Although Appellant purports to raise a sufficiency position, his arguments actually sound in the nature of a challenge to the weight of the evidence. He sets forth that the evidence "was insufficient to establish the elements of the offenses due to the inconsistency in the alleged victim's testimony, the lack of corroborating evidence and the extensive evidence [Appellant] presented that he had not stayed at the victim's house during the time period in question." Appellant's brief at 23. Appellant has disregarded our standard of review. We view the evidence of the Commonwealth in a light most favorable to it without reweighing the evidence. The victim's testimony alone establishes the elements of the offenses in question. Appellant's sufficiency claim is devoid of merit.

Having concluded that sufficient evidence exists to support the jury's verdict, we address Appellant's remaining positions. Appellant's initial claim is that the prosecutor committed misconduct during his closing summation by setting forth that Appellant could have subpoenaed witnesses in his

defense. Specifically, the prosecutor stated, "[Appellant's attorney] could subpoena people just like I can subpoena people. He has the same subpoena power that I do." N.T., 3/18/13, at 131.

Appellant submits that the prosecutor improperly asked the jury to believe that he had to produce evidence in his favor thereby shifting the burden of proof from the Commonwealth to him. He maintains that he was not required to call the victim's biological father or former stepmother. The Commonwealth echoes the trial court's rationale that the prosecutor's statement was in fair response to Appellant's argument that the Commonwealth did not corroborate the victim's testimony by presenting his biological father or former stepmother.

We consider whether a new trial is mandated due to prosecutorial misconduct based on an abuse of discretion standard. *Commonwealth v. Culver*, 51 A.3d 866, 871 (Pa.Super. 2012). A prosecutor's comments will not be reversible error "unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Hawkins*, 701 A.2d 492, 503 (Pa. 1997). Further, "comments by a prosecutor must be examined within the context of defense counsel's conduct." *Id*.

It is axiomatic that the Commonwealth bears the burden of proof in a criminal matter and that the defendant is not required to present any

evidence. ***Commonwealth v. Wiggins***, 328 A.2d 520 (Pa.Super. 1974). While we disapprove of the prosecutor's statement that Appellant could have subpoenaed witnesses and find that the trial court's conclusion that Appellant opened the door to such an argument to be improper, we cannot agree that Appellant suffered any prejudice. Here, the trial court properly instructed the jury that,

> It is not the Defendant's burden to prove that he is not guilty. Instead[,] it is the Commonwealth that always has the burden of proving each and every element of each crime charged and that the Defendant is guilty of that crime beyond a reasonable doubt.
>
> Again[,] I repeat to you persons accused of a crime are not required to present evidence or to prove anything in their own defense.

N.T., 3/18/13, at 139-140. A jury is presumed to follow the court's instructions. ***Commonwealth v. Mollett***, 5 A.3d 291 (Pa.Super. 2010). Since the court comprehensively and appropriately instructed the jury regarding the Commonwealth's burden of proof and that Appellant was not required to present any evidence, we find the prosecutor's misstatement does not warrant a new trial. ***See Commonwealth v. Johnson***, 838 A.2d 663, 679 (Pa. 2003).

Appellant's next claim is that the trial court erred in instructing the jury that the Commonwealth was not required to prove the date of the offense. The court instructed the jury as follows:

> There has been in this case talk about dates and I want to make something clear. Particularly with crimes committed against children, it is sometimes impossible, impossible to prove that an act or an event occurred on a specific date. I say to you that the Commonwealth has no burden of proof that a crime occurred on a specific date or a specific month or for that matter a specific year. The Commonwealth must prove that a crime occurred within the statute of limitations and in crimes committed against children; the statute of limitations does not even being to run until the child reaches the age of 18.

N.T., 3/18/13, at 142-143. Appellant immediately objected and, as mentioned previously, highlighted that the Commonwealth included a date of offense in the criminal information. According to Appellant, the above instruction was improper in this case because he presented evidence that he was not at the victim's residence during the period in question. Appellant notes that the Commonwealth's theory was that the crimes occurred between February 20, 2004 and March 15, 2004. He adds that he presented testimony from his then girlfriend that he stayed with her every weekend during that period. In addition, Appellant worked a night shift from 3:00 p.m. to 1:00 a.m. Monday through Friday in that time span. In light of this evidence, Appellant contends that the instruction was erroneous despite his failure to provide a notice of alibi or seek an alibi instruction.

In further support, Appellant relies on *Commonwealth v. Devlin*, 333 A.2d 888 (Pa. 1975). In *Devlin*, the defendant allegedly sodomized a mentally retarded twenty-two-year-old man. The victim reported the incident to police on April 14, 1972. The indictment returned by the grand

jury indicated that the crime occurred on or about April 16, 1972. The Commonwealth presented evidence that the defendant had known the victim since February 1971 and that the crime occurred sometime between 1971 and April 14, 1972. The Supreme Court reversed Devlin's conviction on the basis that the Commonwealth failed to fix the date of the commission of the offense with reasonable certainty. Although rejecting the position that the Commonwealth is bound by a date included in an indictment, it further declined to find that the rule only applied in cases where a defendant proffered an alibi defense.

We agree with Appellant to the limited extent that his failure to ask for an alibi instruction or present a notice of alibi does not justify the court's instruction. **See Devlin**, **supra**. Moreover, in those instances where the Commonwealth includes a date of offense in its information, though not bound by that date in a sex offense case such as this,[3] it is imprudent to inform the jury that the Commonwealth is not required to establish the date of the commission of the offense with a reasonable degree of certainty. **See id**. Nonetheless, we find that Appellant is not entitled to relief.

In this case, unlike **Devlin**, the Commonwealth's evidence narrowed the date of the commission of the offenses to a time period between

_____

[3] Proof of an exact date is, of course, not necessary. **See Commonwealth v. Devlin**, 333 A.2d 888, 892 (Pa. 1975); **Commonwealth v. Niemetz**, 422 A.2d 1369 (Pa.Super. 1980).

February and March of 2004. This is a far less expansive period than that at issue in **Devlin**. Appellant's defense was in no manner inhibited, as he knew of the Commonwealth's theory and presented his former girlfriend as an alibi witness and provided evidence of his work schedule. The court's instruction also could not have wiped out Appellant's defense since the Commonwealth's evidence was that the crime occurred within an approximate one-month window. Necessarily, the jury had to decide whether the crimes occurred during the period alleged by the victim.

Appellant's final issue is a challenge to the weight of the evidence. A weight claim must be preserved in a timely post-sentence motion. **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa.Super. 2012). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (emphases removed). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." **Id**.

A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." **Id**. Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight

that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id***. (citation omitted). Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. ***Id***. A weight of the evidence issue concedes that sufficient evidence was introduced. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa.Super. 2006).

Appellant properly preserved his issue. He argues that for the reasons articulated in his sufficiency claim that the jury's verdict was so contrary to the evidence that it shocks one's sense of justice. We disagree. The mere fact that the victim's testimony and Appellant's evidence were contradictory does not warrant relief. Appellant's evidence was not the type of evidence that is so clearly of greater weight than the testimony of the victim that crediting the victim would deny justice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2015

- 11 -