344 A.2d 473

COMMONWEALTH of Pennsylvania

v.

**John Joseph FAY, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1975.

Decided Oct. 3, 1975.

William E. Moot (Court-appointed), Johnstown, for appellant.

Caram Abood, Dist. Atty., Ebensburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, John Joseph Fay, Jr., was tried by a judge sitting with a jury and found guilty of murder in the second degree. Post-trial motions were denied and appellant was sentenced to a term of not less than ten nor more than twenty years in a state correctional institution. The sentence was to run consecutively with any other sentences appellant was to serve for either federal or state convictions. This appeal followed.

Appellant first argues that the court erred in admitting into evidence a 9-millimeter semi-automatic weapon seized by F.B.I. agents at the time of appellant's arrest in Laredo, Texas on June 27, 1973. The facts surrounding the seizure of the weapon are as follows. Prior to the arrest of appellant in Laredo, Texas F.B.I. agents received a call from Pittsburgh, Pennsylvania, that appellant had fled the Pennsylvania jurisdiction, where he was wanted for "bond jumping," and that he was armed and dangerous. On June 27, 1973, as the result of information received, the F.B.I. agents stationed themselves near a motel where appellant was staying. As appellant left the motel and entered his automobile, he was apprehended by the F.B.I. agents and was searched. Three 9-millimeter bullets were found upon appellant's person. Prior to giving appellant any *Miranda* warnings, the F.B.I. agents asked appellant where the gun was; he replied "under the front seat". The gun was tested, and ultimately introduced at appellant's trial as the weapon used in the murder for which appellant was convicted.

Initially, we must point out that appellant does not, nor could he, contest the validity of his arrest and initial

search, but rather argues that the questions of the F.B.I. officers, in which appellant was asked where the gun was, should have been preceded by *Miranda* warnings, and that his response, indicating the whereabouts of the weapon, was constitutionally infirm, thus making the weapon the fruit of the poisonous tree. Even accepting appellant's argument that prior to any police questions he should have been given his *Miranda* warnings, and that the weapon, found as a result of the illegal interrogation, should have been inadmissible, we nevertheless find the introduction of the weapon at his trial to be harmless error beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In the instant case, the Commonwealth presented five eyewitnesses to the crime who testified that appellant shot the decedent with the weapon. While the Commonwealth witnesses all testified to slightly different versions of the homicide, they all placed appellant at the scene of the homicide with a weapon in his possession and firing shots at the decedent. The introduction of the weapon in no way prejudiced appellant's case, since even without its introduction the witnesses could have testified to appellant's shooting of a gun at the decedent. The introduction of the weapon, although possibly error, could hardly be considered to have influenced or prejudiced the jury.

 Lastly, appellant argues that the district attorney engaged in prosecutorial misconduct at appellant's sentencing and that the trial judge's sentence was excessive. At the time of sentencing, the district attorney asked for the maximum sentence and brought to light appellant's background and prior record, a legitimate procedure at sentencing. Moreover, the trial judge merely

imposed the maximum sentence in the instant case, to run consecutively with other sentences—this also being proper.

Judgment of sentence affirmed.

POMEROY, J., concurs in the result.

ROBERTS, J., dissents.

JONES, C. J., took no part in the consideration or decision of this case.