J-S17022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CAMERON ROWLAND | : | |
| | : | |
| Appellant | : | No. 2802 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 9, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001955-2020

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                                    **FILED JULY 15, 2024**

Appellant, David Cameron Rowland, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following his open guilty plea for robbery and carrying a firearm without a license.[1] We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this appeal are as follows. Appellant committed an armed robbery in Coatesville on June 12, 2020. On March 14, 2023, Appellant entered an open guilty plea to robbery and carrying a firearm without a license. The court deferred sentencing and ordered a pre-sentence investigation ("PSI") report. On June 9, 2023, the court sentenced Appellant to eighteen (18) to forty-eight (48) months' imprisonment for the

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv) and 6106(a)(1), respectively.

firearms offense, plus a concurrent term of seven (7) years of probation for the robbery. Appellant timely filed a post-sentence motion challenging the discretionary aspects of sentencing on June 11, 2023. On October 16, 2023, the court entered an order announcing that Appellant's post-sentence motion was denied by operation of law on October 9, 2023.

Appellant timely filed a notice of appeal on October 27, 2023. On October 31, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On November 15, 2023, counsel filed a Rule 1925(c)(4) statement of intent to withdraw representation. Thereafter, counsel filed an appellate brief, pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and an application to withdraw in this Court.

Preliminarily, counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is

sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra*** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that

- 3 -

have led to the conclusion that the appeal is frivolous.

*Id.* at 178-179, 978 A.2d at 361.

Instantly, Appellant's counsel filed an application to withdraw. The application states that counsel made a conscientious examination of the entire record and determined that the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the ***Anders*** brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's consideration.

In the ***Anders*** brief, counsel provided the factual and procedural backgrounds for this case. The argument section of the brief refers to relevant case law concerning Appellant's issues, and it provides citations to facts from the record. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

Appellant has not responded to the ***Anders*** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

Are there any non-frivolous issues preserved on appeal?

(***Anders*** Brief at 4).

Despite the wording of the statement of questions involved, the ***Anders*** brief sets forth two arguments. Initially, Appellant claims that the court abused its discretion by imposing an aggregate term of eighteen to forty-eight

months' imprisonment, plus a concurrent term of seven years of probation. Appellant references the argument presented in his post-sentence motion, wherein he asserted that the court erred by failing to consider the mitigating factors outlined in the PSI report. As presented, Appellant's issue challenges the discretionary aspects of sentencing. *See Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010) (reiterating that claim that certain factors justified lesser sentence implicates discretionary aspects of sentencing).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing

Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Troell**, 290 A.3d 296, 299 (Pa.Super. 2023) (quoting **Moury, supra** at 170).

Generally, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Cruz-Centeno**, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). Moreover, where the sentencing court had the benefit of a PSI report, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. **Commonwealth v. Tirado**, 870 A.2d 362, 366 n.6 (Pa.Super. 2005).

Instantly, Appellant timely filed his notice of appeal, and his post-sentence motion preserved his claim that the court did not consider all

mitigating factors.[2]   Nevertheless, Appellant's claim does not raise a substantial question.  **See Cruz-Centeno, supra**.  Moreover, the court had the benefit of a PSI report.  (**See** N.T. Sentencing, 6/9/23, at 15).  Therefore, we can presume the court considered the relevant mitigating factors.  For these reasons, we conclude Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing.

In his second issue, Appellant claims that the prosecutor committed multiple acts of misconduct at the sentencing hearing.  Specifically, Appellant asserts that the prosecutor inappropriately blamed Appellant for creating a lengthy delay prior to the entry of the guilty plea.  Appellant also complains that the prosecutor impermissibly mentioned Appellant's in-court demeanor when he noted that Appellant was "looking and laughing at the victim and shaking his head at sentencing."  (**Anders** Brief at 14).  Finally, Appellant avers that the prosecutor made an improper argument by stating that Appellant showed no remorse.  Based upon these instances of misconduct, Appellant concludes that this Court must vacate his judgment of sentence. We disagree.

"It has long been settled in Pennsylvania law that a prosecutor 'should, at all times, conduct the [C]ommonwealth's case fairly, present it in an

---

[2] Although Appellant's brief does not include a Rule 2119(f) statement, we may overlook this defect in cases where appellate counsel is seeking to withdraw pursuant to **Anders**.  **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa.Super. 2015).

impartial manner, and avoid seeking to influence the jury by arousing their prejudices.'" *Commonwealth v. Clancy*, 648 Pa. 179, 197, 192 A.3d 44, 54 (2018) (quoting *Commonwealth v. Cicere*, 282 Pa. 492, 495, 128 A. 446, 447-48 (1925)). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Commonwealth v. Spotz*, 616 Pa. 164, 222, 47 A.3d 63, 97 (2012). "Prosecutorial misconduct includes actions intentionally designed to provoke the defendant into moving for a mistrial or conduct by the prosecution intentionally undertaken to prejudice the defendant to the point where he has been denied a fair trial." *Commonwealth v. Chmiel*, 777 A.2d 459, 464 (Pa.Super. 2001), *cert. denied*, 535 U.S. 1059, 122 S.Ct. 1921, 152 L.Ed.2d 829 (2002). "The touchstone is the fairness of the trial, not the culpability of the prosecutor." *Spotz, supra* at 222, 47 A.3d at 97.

> We further observe that a prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks. Any challenge to a prosecutor's comment must be evaluated in the context in which the comment was made.

*Commonwealth v. Reid*, ___ Pa. ___, ___, 259 A.3d 395, 429 (2021) (internal citations and quotation marks omitted). Additionally, a defendant must preserve a claim of prosecutorial misconduct by raising a contemporaneous objection in the trial court. *See Commonwealth v.*

- 8 -

***Yandamuri***, 639 Pa. 100, 141 n.23, 159 A.3d 503, 528 n.23 (2017).

Instantly, the record does not reveal that defense counsel contemporaneously objected to the comments at issue, and Appellant's claim is waived on this basis. Nevertheless, we add that Appellant's claims of misconduct are limited to comments that the prosecutor made at the sentencing hearing. Even if the prosecutor used oratorical flair to argue for a greater sentence, this does not rise to the level of reversible error because it did not impact Appellant's right to a fair trial. ***See Spotz, supra***; ***Chmiel, supra***. Moreover, the comments at issue amounted to a legitimate procedure at sentencing. ***See Commonwealth v. Fay***, 463 Pa. 158, 161, 344 A.2d 473, 474 (1975) (stating appellant was not entitled to relief on claim of prosecutorial misconduct at sentencing; at sentencing hearing, district attorney asked for maximum sentence and referenced appellant's background and prior record; Court characterized such arguments as "a legitimate procedure" at sentencing). Therefore, Appellant is not entitled to relief on his prosecutorial misconduct claim. Further, our independent review of the record does not reveal any additional, non-frivolous issues preserved on appeal. ***See Palm, supra***. Accordingly, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2024